KIRKPATRICK (CAMPBELL v.). See Case No. 2,363.

---

## Case No. 7,848.

### KIRKPATRICK et al. v. GIBSON.

[2 Brock. 388.] [1]

Circuit Court, Virginia.[2] Nov. Term, 1828.

**ADMINISTRATORS—REFUNDING BONDS— RE-ENACTMENT OF ENGLISH STATUTES—EFFECT OF.**

1. The amount of the security which the act of assembly of Virginia, adopting the provision of the 28 and 29, c. 2, authorizes an administrator to take, before he makes distribution of his intestate's estate, conditioned "to refund due proportions of any debts or demands, which may afterwards appear against the intestate, and the costs attending the recovery of such debts," is within the sound discretion of the court, and need not cover the whole amount distributed. This discretion extends, it seems, to executors, though not specially named in the act.

2. Where a British statute is re-enacted in this country, it is reasonable to suppose that the legislature designed to adopt, as well the settled construction which had been given to the act by the British courts, as the act itself.

[Cited in The Devonshire, 13 Fed. 43.]

[Cited in Com. v. Hartnett, 3 Gray, 451.]

At law.

MARSHALL, Circuit Justice. The material question in this cause is, the amount of security which the plaintiffs, who are legatees in the will of J. Gibson, deceased, ought, on receiving their legacies, to give to the defendants, his executors, as an indemnity against the claims of such creditors, as may hereafter appear. The counsel for the plaintiffs insist, that the amount of this security is within the discretion of the court, and is to be regulated by the circumstances of the

---

[1] [Reported by John W. Brockenbrough, Esq.]

[2] [District not given.]

case. The counsel for the defendants contends, that the security ought to cover the whole sum paid, and that any less sum would not be an indemnity. The act of assembly, which is considered as regulating this subject, is in these words: "nor shall an administrator be compelled to make distribution at any time, until bond and security be given by the persons entitled to distribution, to refund due proportions of any debts, or demands, which may afterwards appear against the intestate, and the costs attending the recovery of such debts." 1 Rev. Code 1819, c. 104, p. 389, § 58. The act of parliament, of the 28 and 29, c. 2, contains the same provision. In England, the rule is settled, that the amount of the security to be demanded by the executor, is to be regulated by the sound discretion of the court. I have not seen any case declaring that a different rule is applicable to administrators. It is contended, that the court of appeals has construed this act, as comprehending executors, though only administrators are named, and that it must be so expounded as to require a bond, equal in amount, to the sum which the distributees may be possibly required to refund. The uniform course of the courts of the United States is, to adopt that construction of the acts of a state legislature, which the courts of the state have given to it. If, therefore, the courts of Virginia have construed this law to embrace executors in its provisions, and to require that bond shall in every case be given by the legatee, to the amount of the legacy received. this court has only to conform to those decisions.

In the case of Clay v. Williams, 2 Munf. 105, and Rootes v. Webb, 4 Munf. 77, the court only decides, that bond and security is demandable by the executor, but it silent respecting the amount, and indicates no opinion respecting the application of the act of assembly to the case. In Stovall's Ex'rs v. Woodson, 2 Munf. 303, 304, the decree of the chancellor is declared "to be erroneous in this, that the appellees are not directed to give bond and security according to the provisions of the act of assembly in such case provided." I should be much better satisfied, that I understand this decree correctly, if it was accompanied with some explanation of the principle on which it was made. But the report neither gives us the argument of counsel nor the opinion of the court. We have simply the decision in the words quoted. In the construction of ancient statutes, courts, in search of the intent, often went far beyond the words. But in modern times, this practice has been a good deal restrained. Courts still construe words liberally, to reach that intention which the words themselves import, but seldom insert a description of persons omitted by the statute, because, in the opinion of the court, there is the same reason for comprehending those persons within its provisions, as for comprehending those who are actually enumerated. I should, therefore,

be much disposed to the opinion that the court of appeals rather adopted the principle of the act. and applied it to a case confessedly within judicial discretion, than construed the act to comprehend that case. It must, however, be admitted that the words, "according to the provisions of the act of assembly in such case provided," rather favour a different opinion. But be this as it may, the case of Stovall's Ex'rs v. Woodson is silent as to the amount of the security. This point was again under consideration of the court, in the case of Dandridge's Adm'rs v. Armstead [unreported]. The propriety of requiring security was again asserted, and the court said, that bond and security should be required by the chancellor, "to the satisfaction of the court." These words may imply, that the amount in which bond and security should be given, should be "to the satisfaction of the court," or merely that the court should be satisfied as to the sufficiency of the security to pay the sums in which the bond must necessarily be given. I rather suppose the first, to be the right construction. The words imply it. Every court, taking bond with security, requires, of course, to be satisfied that the security is competent to the payment of the sum mentioned in the bond. The discretion which the words indicate, would seem to be something more than would be comprehended in the sentence, had they been omitted. They indicate, that discretion. respecting the sum which is, according to usage, exercised by a court of equity. I think, then, that the decisions of the court of appeals, taken altogether, have not adopted a construction of our act of assembly essentially different from the construction which the chancellor of England had previously given to the same statute in England. I am the more inclined to this opinion, because it is reasonable to suppose, that where a British statute is re-enacted in this country, we adopt the settled construction it has received, as well as the statute itself; and such, I believe, has been the course of every court in the Union. In this case, then, I think, the amount of the bond is within the legal discretion of the court. to be governed by circumstances; and that the length of time which has intervened, the means which have been used to give notice to creditors. and the probability of outstanding debts. are circumstances which ought to influence its opinions. If after due publication and notice, creditors will still lie by, all courts ought to protect the executor from any claim beyond the indemnity, which a court of competent jurisdiction has directed.

NOTE. From the following extract from the decree, which was rendered in this cause. it would seem, that in the exercise of its sound discretion, the court may dispense entirely with refunding bonds from the legatees, in all cases in which the circumstances of the case would justify such an exercise of power. "And the court doth further order and decree that the defendant Spence," (the surviving executor of John Gibson) "do pay and distribute the proceeds of

the certificates for $4300, United States six per cent. stock, yet undisposed of, to and among the several plaintiffs, according to their respective rights, without their giving bond, with sureties, to refund the same, as insisted on for the defendant Spence." It is no longer material to inquire, whether the section of our law, quoted by the chief justice, applied by fair construction to executors as well as administrators, for by a late act, the right to require refunding bonds of distributees. &c. is given expressly to the "executor or executrix, administrator or administratrix, or other person to whom any estate shall have been committed for administration." Sess. Acts 1822-23, p. 39, c. 37, § 2.