## Martin *against* Martin.

A general legacy to the testator's widow, will bear interest from the period of one year after the testator's death, although the fund provided for its payment was not realized, until a period long subsequent.

ERROR to *Dauphin* county.

Debt for a legacy. Peter Fertig, executor of Catharine Martin, deceased, against Peter Fertig, administrator, with the will annexed, of Marcus Martin, deceased.

Marcus Martin, by his last will, among other things, bequeathed to his wife Catharine, " eight hundred dollars, which is to be paid by my hereafter named executors, out of my real estate." The testator in his lifetime, and before the making of his will, had sold his real estate, out of which the said legacy was to be paid.

The following case, was stated for the opinion of the court, viz: Marcus Martin died on the 10th of November 1825, having first made his will, which was duly proved on the 15th of November 1825, *pro ut* said will, which is made part of this case. Catharine Martin, the widow of said Marcus Martin, died 10th of April 1826, having first made her will, which was proved 11th of April 1826, in which Peter Fertig, the plaintiff, was appointed her executor. Suit was instituted by Peter Fertig, as administrator of said Marcus Martin, against Daniel Hain, to compel payment of

[Martin v. Martin.]

the purchase money of a tract of land in the possession of said Hain, which was prosecuted and determined, and the money recovered in July 1836; and that previous to the recovery of this money, the said Peter, as administrator, &c., of said Marcus Martin, had not sufficient assets in his hands for the payment of the debts and legacies under the will of said Marcus Martin, *pro ut* his administration accounts. The only question for the decision of the court is, whether the legacy to Catharine Martin, in the will of Marcus Martin mentioned, under the circumstances mentioned, will bear interest, and from what time, and if so, that judgment be entered for plaintiff for the amount of said legacy, with the interest to which she will be entitled, and if not entitled to interest, that judgment be entered for plaintiff for the amount of said legacy without interest.

The court below (Blythe, president) rendered a judgment for the plaintiff for the amount of the legacy, with interest, from one year after the death of the testator.

*Ayres* and *M'Clure*, for plaintiff in error, cited *Roper on Leg.* 380; 2 *Ibid.* 185.

*M'Cormick*, contra, cited 1 *Roper on Leg.* 579; 5 *Watts* 179.

PER CURIAM.—The rule that general legacies bear interest from the time when they are payable, may be relaxed in favour of, but not against a legatee. A child unprovided for, is allowed interest from the time of the death; but the same favour is not shown to the widow. But nothing can postpone the accruing of interest to a period later, than the time of payment appointed by the testator.

Judgment affirmed.