### COMMONWEALTH *vs.* MARY HARTNETT.

Where the terms of a statute which has received a judicial construction are used in a later statute, whether passed by the legislature of the same state or country, or by that of another, that construction is to be given to the later statute.

A wife, stealing in a building owned by her husband, is not liable to the punishment prescribed by *St.* 1851, *c.* 156, § 4, for larceny "in any building."

INDICTMENT on *St.* 1851, *c.* 156, § 4, for larceny in a building of Timothy Hartnett. At the trial in the municipal court, it appeared that the said Timothy was the husband of the defendant; and the defendant contended that she could therefore be convicted of simple larceny only. But *Hoar*, J. ruled that the evidence was sufficient to sustain the charge of larceny in a building. And to this ruling the defendant, being found guilty, alleged exceptions.

*J. A. Andrew*, for the defendant.

*J. H. Clifford*, (Attorney General,) for the Commonwealth.

METCALF, J. The defendant is convicted of larceny in a building owned by her husband; and as the indictment does not aver that it was committed in the night time, it must be taken to have been committed in the daytime. *St.* 1843, *c.* 1, § 2. The question is, whether the defendant is liable to the punishment prescribed by *St.* 1851, *c.* 156, § 4, for larceny "in any building," or only to the punishment elsewhere prescribed for simple larceny.

Larceny in the daytime, in a dwelling-house and in certain other buildings, not broken into, was first subjected, in Massachusetts, to greater punishment than if not committed therein, by *St.* 1804, *c.* 143, § 6; to wit, solitary imprisonment of the offender, in the state prison, not exceeding six months, and confinement there afterwards to hard labor, not exceeding five years. By *St.* 1830, *c.* 72, § 3, courts were authorized to sentence such offender to confinement in the county jail, not exceeding five years, or to the payment of a fine, according to the nature and aggravation of the offence. By the Rev. Sts. *c.* 126, § 14, it was thus enacted: " Every person who shall steal, in the daytime, in

any dwelling-house, office, bank, shop or warehouse, ship or vessel, shall be punished by imprisonment in the state prison, not more than five years, or by fine not exceeding three hundred dollars, and imprisonment in the county jail, not more than two years." By *St.* 1851, *c.* 156, § 4, "every person who shall commit the offence of larceny, by stealing *in any building*, shall be punished by imprisonment in the state prison not more than five years, or by fine not exceeding five hundred dollars, or imprisonment in the house of correction or county jail, not exceeding three years." For simple larceny, that is, for theft not aggravated by being from the person, nor by being committed in a dwelling-house or other building, ship or vessel, a lighter punishment is prescribed by the Rev. Sts. *c.* 126, § 17, and *c.* 143, § 5. And we are of opinion that the defendant is liable only to that lighter punishment.

We do not suppose that any English statutes for the punishment of larceny were ever held to be in force in Massachusetts. 7 Dane Ab. 168. Yet the provisions of some of them, and the provisions of acts of parliament for the punishment of other offences, have been enacted by our legislature, in every stage of our history. And in such cases, (as well as in cases where English statutes respecting civil concerns have been enacted here,) it has always been held that the construction previously given to the same terms, by the English courts, is the construction to be given to them by our courts. It is a common learning, that the adjudged construction of the terms of a statute is enacted, as well as the terms themselves, when an act, which has been passed by the legislature of one state or country, is afterwards passed by the legislature of another. So when the same legislature, in a later statute, use the terms of an earlier one which has received a judicial construction, that construction is to be given to the later statute. And this is manifestly right. For if it were intended to exclude any known construction of a previous statute, the legal presumption is, that its terms would be so changed as to effect that intention. 6 Dane Ab. 613. *Kirkpatrick* v. *Gibson's Ex'ors*, 2 Brock. 388. *Pennock* v. *Dialogue*, 2 Pet. 18. *Adams* v. *Field*, 21 Verm. 266. *Whitcomb* v. *Rood*,

20 Verm. 52. *Rutland* v. *Mendon*, 1 Pick. 156. *Myrick* v. *Hasey*, 27 Maine, 17. There are many instances in which our legislature have made punishable, as offences, acts which were first made so by English statutes. Among others are our statutes concerning the fraudulent obtaining of money or goods by false pretences. In all such cases, the construction given by the English courts is deemed to be the true one, when the statutes are alike. And we have already stated, that the act of stealing in certain buildings was first made an aggravated larceny, and subjected to a greater punishment than before, by *St.* 1804, *c.* 143. Yet by the English *St.* 12 Anne, *c.* 7, (passed in 1713, and now repealed,) it was enacted that " all and every person or persons that shall feloniously steal any money, goods or chattels, wares or merchandises, of the value of forty shillings or more, being in any dwelling-house, or outhouse thereunto belonging, although such house or outhouse be not actually broken by such offender, and although the owner of such goods, or any other person or persons be or be not in such house or outhouse, being thereof convicted, shall be absolutely debarred of and from the benefit of clergy." And by the English *St.* 24 Geo. 2, *c.* 45, a like provision was made in cases of conviction of the offence of feloniously stealing goods, wares or merchandise, of the value of forty shillings, in any ship, barge, lighter, boat or other vessel, upon any navigable river, or in any port of entry or discharge. But it was early decided that the first of these statutes did not extend to a stealing by one in his own house, nor to a stealing by a wife in her husband's house, which is the same as her own. The intention of the statute was declared to be, to protect the owner's property in his own house from the depredation of others, or the property of others lodged in his house; thereby giving protection against all but the owner himself. It has also been decided that the property stolen must be such as is usually under the protection of the house, deposited there for safe custody, and not things immediately under the eye or personal care of some one who happens to be in the house. 2 East P. C. 644–646. *The King* v. *Gould*, 1 Leach, (3d ed.) 257. *The King* v. *Thompson & Macdaniel*,

1 Leach, 379. *The King* v. *Campbell,* 2 Leach, 642. See also *Rex* v. *Taylor,* Russ. & Ry. 418; *Rex* v. *Hamilton,* 8 Car. & P. 49 ; *Rex* v. *Carroll,* 1 Mood. C. C. 89. And it has also been held that the *St.* 24 Geo. 2, *c.* 45, does not extend to stealing by the owner and master of a vessel. *Rex* v. *Madox,* Russ. & Ry 92.

We are of opinion that the purpose and intent of *St.* 1804, *c.* 143, § 6, and of the Rev. Sts. *c.* 126, § 14, were the same as the purpose and intent of *St.* 12 Anne, *c.* 7, and that they must have the same construction which was given to that before these were enacted. Indeed, the attorney general frankly admits this, and that he cannot ask for sentence against the defendant, as for an aggravated larceny, unless it is required or warranted by *St.* 1851, *c.* 156, § 4. We think that statute has not altered the law in this matter; that it has only made larceny " in any building" an aggravated offence, as former statutes made it when committed in certain enumerated buildings; and that it has not subjected to the punishment therein prescribed any larceny which, if committed in either of those buildings, would not have been liable to such punishment. The statute was passed in consequence of the decision, in *Commonwealth* v. *White,* 6 Cush. 181, that the passenger room of a railroad station was not an " office," within the meaning of the Rev. Sts. *c.* 126, § 14.

*Defendant to be sentenced for simple larceny.*