*(County Court of Cook County.)*

### Gertrude Eichhold

#### vs.

### Isaac Greenebaum Executor of the last will of Michael Eichhold, deceased.

#### (1869.)

1. EXECUTORS AND ADMINISTRATORS—INVESTMENT OF FUNDS—PAYMENT OF LEGACIES—POWER OF COUNTY COURT. The county court has the same power to compel an executor to pay a legacy or invest funds belonging to a legatee so that they may draw interest, that a court of chancery has.

2. SAME—DERIVATION OF POWERS OF COUNTY COURT. The county court derives its powers in this regard from that article of the Illinois constitution which provides that the "jurisdiction of said court shall extend to all probate matters."

3. EXECUTORS AND ADMINISTRATORS—HOW ACCOUNTABLE FOR INTEREST. *Prima facie* an administrator or executor is not chargeable with interest for the first year, and thereafter he is *prima facie* chargeable with interest on all money in his hands not necessary to pay claims and expenses. He is in either case chargeable with interest on money of the estate which he himself uses or interest which he actually does receive.

4. ADMINISTRATION OF ESTATES—GENERAL SPECIFIC LEGACIES—PAYMENT OF INTEREST THEREON. A specific legacy draws interest from the death of the testator; a general from the time it is payable except when a father bequeaths it to to his infant child and there is no other means to support it, or where a wife receives it in lieu of dower or a creditor receives it in payment of an antecedent debt. In these latter cases, the general legacy draws interest from the death of the testator.

5. ADMINISTRATION OF ESTATES—INTEREST ON GENERAL LEGACIES —WHERE APPLIED. If an executor invests a general legacy and receives interest thereon, the interest, except in the three cases before mentioned, goes into the residuum of the estate and not to the general legatee.

6. ADMINISTRATION OF ESTATES—STATUTE OF WILLS—PAYMENT OF LEGACIES—BOND. Under the Statute of Wills of Illinois, a specific legacy is deliverable at any time, a general, one year from the death of the testator if the estate is free from debt or there is an abundance of funds to pay the debts and legacies upon the legatee executing a sufficient bond with security. The amount of the bond lies in the sound discretion of the court in view of all the circumstances of each particular case.

Petition for payment of legacy. Heard before Judge Thomas B. Bradwell. The facts are stated by the court.

## STATEMENT.

The testator, Michael Eichhold, died in or about the month of September, 1866, leaving his will, which was admitted to probate on the 24th day of October, 1866, in this court, and letters testamentary issued to the respondent.

The testator, after providing for the payment of his debts and funeral expenses, bequeathed to his wife, Gertrude Eichhold, "the sum of one thousand dollars," and one-third of the residue of his estate, and the other two-thirds to his son Abraham.

The said Gertrude Eichhold has filed her petition in this court, alleging that there has been an adjudication of claims; that the whole amount of claims against the estate does not exceed two hundred dollars; that there is over seven thousand dollars in money now in the hands of the executor, and that the same can now be loaned on good security at ten per cent., and prays that the executor may be compelled to pass over to her the amount she is entitled to as legatee or that the same may be loaned out at interest by the executor, and that such interest accruing may be paid over to her for her support.

The executor answered the petition, admitting the material facts stated therein to be true, but claimed that the money

might yet be needed for the payment of debts against the estate.

Two witnesses were sworn, who stated that they had known the deceased well for years, and that they did not believe he owed one cent at the time of his death.

*Messrs. Gookins & Roberts,* for the petitioner, made the following points:

*First*—One year is generally allowed the executor to ascertain the situation of the estate before he can be compelled to pay a legacy. 2 Williams on Executors, 1,191.

*Second*—But this allowance is merely for convenience, in order that the debts may be ascertained.

Therefore, if the condition of the estate permits, the executor has power to pay sooner. Id. 10, ves. 13. *Pearson v. Pearson,* 1 Sch. and Lef. 12.

*Third*—But if it clearly appears that a surplus will remain, the court will, by anticipation, direct proportionable payments to legatees. 2 Willams on Executors, 1,191.

*Fourth*—However it may be in respect to the payment of legacies, there is no doubt of the power to direct the money to be invested at any time, and this is based upon the general equity powers of the court. 2 Williams on Executors, 1,200 et seq.

*Messrs. Runyan & Avery,* for respondent, claimed:

*First*—That the county court had no power to order a legacy paid within two years, and if such power existed it could only be exercised by a court of chancery.

*Second*—That the executor could not be compelled to invest the money or to account for the interest within a year from the date of his letters.

*Third*—That the interest that might be made on the $6,000 the first year would not belong to the respondent, but would go into the residuum.

## Opinion.

Bradwell, J. :—

In regard to the power of the court to grant the relief prayed for in this case, there is no doubt of the power of a

court of chancery, at any time when the estate is in a proper condition, to compel the executor to put the funds at interest, or deposit them in a savings bank where they may accrue interest pending the settlement of the estate, and until legatees may come and claim their portions.

I am clearly of the opinion that the county court has the same power to compel an executor to pay a legacy, or invest funds belonging to legatees (when it has all the parties interested in the fund before it,) that a court of chancery has.

This results from the general power of the court over the subject matter as given in the constitution of the state and the laws passed under it. The constitution says, (article 5, section 18,) "the jurisdiction of said court shall extend to all probate jurisdiction." If the legislature should today repeal all statutes in regard to probate jurisdiction, still the county court could go on legally under the common and ecclesiastical law, grant probate of wills, and settle estates. *In re Gregory's Administrator*, 19 Ohio, 357; *Lockhart v. Public Administrator*, 4 Bradf. S. R. 21; *Campbell v. Logan*, 2 Bradf. S. R. 90; *Blackburn et al. v. Hawkins*, 1 Eng. 50.

*Prima facie,* an administrator or executor is not chargeable with interest for the first year, but if during that time he uses the money himself, or receives interest for it, he must be charged with all he receives or makes by the use of the money. *Prima facie,* after one year he is chargeable with interest on all money in his hands not necessary to pay claims and expenses, and even in his first yearly account and report it is his duty to show that it contains a true statement of all interest received and how the funds of the estate have been kept.

He must also, during the settlement of the estate, keep a sufficient amount of funds on hand to pay all claims as they become due. If the money of the estate remains uninvested and claims are allowed against it, they draw interest at 6 per cent, and the estate loses $12 on each hundred each year. In this way a solvent estate may be made insolvent.

No absolute rule can be established for determining when

an executor must be charged with interest. Each case must depend on its own particular circumstances. Not so in regard to legacies. *Betzer's Executor v. Hahn et al.*, 14 S. & R. 232; *Rowan v. Kirkpatrick*, 14 Ill. 1; *Ogilvie v. Ogilvie*, 1 Bradf. S. R. 356; *Schieffelin v. Stewart et al.*, 1 Johns. C. 620.

The six thousand dollars bequeathed to the petitioner is a general, and not a specific, legacy. A specific legacy carries interest from the death of the testator; a general legacy draws interest only from the time it is payable, except when a father bequeaths to his infant child and makes no other provision for its support; a husband to his wife in lieu of dower; or where a legacy is given for a preexisting debt, in which cases they draw interest from the death of the testator. It was at one time held that the widow was within the exception, but it is now settled that she is not. *Martin v. Martin*, 6 Watts, 67; 1 Roper on Legacies, 379; Launder on Legacies, 430–2; Lomax on Executions, 154; *Corbin v. Wilson*, 2 Ash. 178.

Treating the subject independent of our statute, a specific legacy, is so much carved out of the testator's estate, and set off for the legatee, that it may be delivered to him at any time after it is determined. It will not be necessary to appropriate it for the payment of the debts of the deceased. If it is a cow, and she has a calf, before the delivery, the calf belongs to the legatee. If it is a note and interest is paid to the executor on it, the interest belongs to the legatee and does not go into the residuum.

It is not so with a general legacy; a general legacy draws no interest until due, and with the exception named above, is not due till one year after the death of the testator.

If invested by the executor before due the interest received thereon goes into the residuum and not to the general legatee. *Hammond v. Hammond*, 2 Bland Ch. 306; *Wood v. Penoyre*, 13 Ves. 326; *Sullivan v. Winthrop et al.*, 1 Sumner R. 1; Alnutt on Wills, 375; *Garthshore v. Chalie*, 10 Ves. 1; *Pearsons v. Pearsons*, 1 Sch. and Lef. 10; Mathews on Executors, 183; Roper on Legacies, 1253; Swinburn on Wills, part 1,

page 36; 4 Buens Eccl. Law, 511; 2 Redfield on Wills, 569, and notes, where this whole subject is ably discussed by the learned author.

Our statute of wills, section 127, while it does not change the time of payment of legacies from that as laid down by the authorities above, provides that "whenever it shall ap-- pear that there are sufficient assets to satisfy all demands against the estate, the court of probate shall order the pay-: ment of all legacies mentioned in the will of testator. The specific legacies being first satisfied." The 129th section. provides that executors shall not be compelled to pay legatees until a refunding bond is given. Under this statute a spe- cific legacy may be delivered at any time, and a general leg- acy at the expiration of one year from the death of the tes- tator, if the estate is free from debt, or if there is an abun- dance of assets to pay the debts and legacies, upon the lega- tee executing the required bond with security. The county court has sufficient power over the executor to compel 'him to deliver the legacy, but should not make its order upon probabilities or speculate upon the chances. It should be duly shown that the estate is in such a condition that no one will or could be injured by ordering the legacy delivered. Alnutt on Wills, 375.

In England and Virginia, under statutes like our own,. it has been held that the amount of security to be demanded by the executor is to be determined by the sound discretion of the court, governed by the circumstances, and the length of time which has intervened, the means which have been used to give notice to creditors and the probability of outstanding debts.

Chief Justice Marshall says, if, after due publication and notice, creditors will still lie by, all courts ought to protect the executor from any claim beyond the indemnity which a court of competent jurisdiction has directed. *Kirkpatrick et al. v. Gibson*, 2 Brock. 388.[1] To hold then that the widow can receive neither legacy nor interest until the end of the

[1] Fed. Cas. No. 7,848.—Ed.

year would be to say that the richest man might die and make what he supposed an ample provision for his wife, and still she would have to starve or live upon her friends for a year or more, in consequence of an executor seeking to weave a web of technicalities around her husband's estate. *Such is not the law.* It is ordered that the executor within ten days from this date, pay to the petitioner $1,500 upon her executing the usual refunding bond in the penal sum of $1,500, with security to be approved by the court, without prejudice to the right of the residuary legatee, to be heard hereafter upon the question of interest, and that not less than $4,000 of the money now in his hands be placed under the direction of the court, where it will draw interest.