Petition of Annie C. Spencer *et al.* for an Opinion of the Court.

A testator provided, "It is my will that my executors . . . shall have five years in which to settle my estate."

*Held*, that for five years from their appointment the executors were exempt from suits for legacies. Legatees claiming under a will are subject to its terms. *Aliter* creditors who claim independently of the will.

The testator further provided: " Should my estate diminish in value, then my legacies shall decrease in proportion."

*Held*, that the provision meant that, if the estate decreased in value between the making of the will and the payment of the legacies, the loss was to be borne by all the legatees proportionately, not to fall wholly on the residuary legatees.

The testator by the will gave a legacy to S., if S. survived the probate of the will. By a codicil the testator declared that if S. died before payment of the legacy, the legacy was to become a part of the *residuum*.

*Held*, that the legacy was contingent upon S. living either till the expiration of five years from the appointment of the executors or till the payment of legacies, if payment was made within the five years.

*Held*, further, that S. was not entitled to interest on his legacy while the legacy was contingent.

Pecuniary legatees, whose legacies are not contingent, and not to be paid at a time fixed by the will, are entitled to interest on their legacies from and after one year from the testator's death.

*Held*, that this rule applied to the case at bar, notwithstanding the five years which the executors migth "have" to settle the estate.

Case Stated for an opinion of the court under Pub. Stat. R. I. cap. 192, § 23.

The will of Tabitha G. Spencer, wife of Thomas J. Spencer, of Warwick, proven May 14, 1884, is as follows :

"I, Tabitha G. Spencer, wife of Thomas J. Spencer, of Warwick, in the State of Rhode Island, do hereby revoke all former wills by me at any time made, and make and declare this only as my last will and testament, as follows, that is to say :

"I direct that all my debts contracted by me during my life shall be paid by my executors out of my estate.

"I direct my executors, as soon as reasonably may be done after my death, to put in good order the burying-ground upon the farm that was my father's in said Warwick, repairing and putting strongly together the chain fence around the same, and resetting and cleaning the stones, at the expense of my estate.

"I bequeath to the Corporation of the Baptist Church or Society at Crompton village the sum of three hundred and fifty dol-

lars for the special purpose of building a horse-shed for the use of those who attend worship there ; or, if such shed shall have been built during my life, then for the general uses of said society.

"I direct my executors, as soon as may be conveniently done after my death, to invest in their names as executors, in productive stocks or in savings bank, the sum of one thousand dollars, with power from time to time to change the investment, or any reinvestment thereof, and to accumulate the income so far as not used, and invest the same in augmentation of the principal during the life of my half-sister, Celia Nichols ; and in the event that she lives so long as to exhaust her own property, then from time to time as needed to use the income, or if need be the principal, of said fund for the comfortable support, maintenance, and benefit of my said sister, and upon the death of my said sister to divide and pay out whatever may remain of said fund or its income in equal shares among my niece, Annie C. Spencer, widow of Dr. Henry C. Spencer, and the four children of my brother, Lorenzo D. Budlong, for their own use.

"I bequeath to my said husband, if he survives until this, my will, is finally admitted to probate, the sum of one thousand dollars ; and to my half-sister, Susan Claflin, and to my nephew, Stephen A. Budlong, son of my half-brother, Philip Budlong, each the sum of one thousand dollars, if they respectively survive until this, my will, is finally admitted to probate.

"I bequeath to the three children of my said niece, Annie C. Spencer, namely, Dr. Thomas Frank Spencer, Annie L. Spencer, and Henrietta C. Spencer ; and to the children of my nephew, Lorenzo D. Budlong, Jr., living at my death ; and to the children of my niece, Mary Isabella Eells, living at my death ; and to the children of my niece, Tabitha Eliza Bearer, living at my death ; and to the children of my nephew, Stephen William Budlong, living at my death, — to each of said children and to Nancy C. Budlong, the wife of said Stephen W. Budlong, each the sum of one hundred dollars.

"I devise and bequeath to my said nephew, Stephen W. Budlong, and his heirs forever, all my right, title, and interest in and to any and all lands flowed by the pond or water-ways or rights of the Oriental Print Works at or near Apponaug, in said War-

wick, and all sums of money that may become payable after my death for flowage or damage, or allowances for flowage of the same, for his and their own use.

" I bequeath to my said niece, Tabitha Eliza Bearer, the mortgage and mortgage note and debt which I now hold upon her farm, and direct my executors to surrender the same to her, and to cancel and discharge the same on record.

" And as an equivalent therefor I bequeath to my said niece, Annie C. Spencer, and to my nephew, Lorenzo D. Budlong, Jr., and to my niece, Mary Isabella Eells, and to my said nephew, Stephen W. Budlong, the sum of one thousand dollars each.

" I bequeath to Lydia L. Palmer, Carrie C. Spencer, Sarah J. Remington, Gideon Spencer, and Abby M. Westcott, children of my said husband, and to my grand-niece, Julia L. Ralph, and to my grand-nephew, William D. Porter, grandchildren of my brother, William D. Budlong, each the sum of fifty dollars.

" I bequeath to my said niece, Tabitha Eliza Bearer, all my wearing apparel, my gold watch and chain and pencil, and all my other jewelry; also the two pairs of nice blankets last purchased by me, and also the carpet purchased by me in or about February, A. D. 1883. And I direct my executors, as soon as may be after the final probate of this, my will, to cause the same to be properly packed and forwarded to her at her home in Kinnimundy, in the State of Illinois, by express or otherwise, at the expense of my estate.

" I bequeath all my old household furniture and effects and chinaware, which formerly belonged to my father and mother, to my said niece, Annie C. Spencer, and Mary Isabella Eells, and my said nephew, Stephen W. Budlong, to be equally divided among them, share and share alike.

" *And all the rest and residue of my household furniture and effects of every kind I bequeath to my said husband and to my said last named three nieces and nephew, to be equally divided between them, share and share alike.*[1]

" And all the rest, residue, and remainder of *all* my estate *real and personal*, including all real estate which I may hereafter ac-

---

[1] This clause and the words in italics in the next are omitted from the copy of the will given in the case stated.

quire, I give, devise, and bequeath to my said nieces and nephews, Annie C. Spencer, Lorenzo D. Budlong, Jr., Mary Isabella Eells, Tabitha Eliza Bearer, and Stephen W. Budlong, in equal shares, their heirs and assigns forever, to their own use, except the twenty-five lots of land now owned by me upon the plat at Greenwood, so called, in said Warwick, and which lots I devise to my said nephew, Stephen W. Budlong, his heirs and assigns forever, to his and their own use.

" And I hereby appoint my said husband, Thomas J. Spencer, and my said niece, Annie C. Spencer, and my said nephew, Stephen W. Budlong, executors of this, my will.

" In testimony thereof I hereto set my hand and seal, this eighteenth day of March, A. D. eighteen hundred and eighty-four.

" TABITHA G. SPENCER.

" Signed, sealed, published and declared by the said Tabitha G. Spencer as and for her last will and testament, in the presence of us, who at her request, in her presence and in the presence of each other, hereto subscribe our names as witnesses to the same.          " DAVID CADY,
                                        " MARY F. KNOWLES.

" I, Tabitha G. Spencer, wife of Thomas J. Spencer, of Warwick, in the State of Rhode Island, having on the eighteenth day of March. A. D. 1884, made my last will and testament, dò now make this, my codicil to said will, in manner following, that is to say, viz:

" I direct my executors named in my said will to pay my husband four hundred dollars of the legacy I have given him in my said will, as soon as may be done after my decease.

" And whereas my niece, Annie C. Spencer, is named in my said will as one of the residuary devisees, now therefore it is my will that she shall take my estate at Pawtuxet, in said Warwick (of which she is now the owner of one half) as the first one thousand dollars of her portion of such residuary estate, to hold the same to her, her heirs and assigns forever.

" And whereas my niece, Tabitha Eliza Bearer, is named in my said will as one of the residuary legatees, now therefore it is my will that she shall take the farm on which she now lives as

the first of one thousand dollars of her portion of such residuary estate, to hold the same to her, her heirs and assigns forever.

"And whereas my nephews, Lorenzo D. Budlong, Jr., and Stephen W. Budlong, and my niece, Mary Isabella Eells, are named in my said will as residuary devisees, now therefore it is my will that they shall each receive one thousand dollars each of their respective shares of said residuary estate, to hold to them, their heirs and assigns forever, the same to make as soon as possible after the probate of my said will and this, my codicil.

"It is my will that the legacy to the Baptist Church Corporation or Society of Crompton, named in my said will, shall be paid within two years after the probate of my will.

"It is my will that my executors named in my said will shall be the executors of this my codicil to my said will, and that they shall have five years in which to settle my estate.

"And whereas in my last will I have given a legacy to my half-sister, Susan Claflin, of one thousand dollars, and to my nephew, Stephen A. Budlong, son of my half-brother, Philip Budlong, of one thousand dollars, now therefore, should they or either of them die before the payment of such legacy to them, then such sum or sums shall form a part of the residuary estate. Should my estate diminish in value, then my legacies shall decrease in proportion.

"In witness thereof I have hereunto set my hand this twentieth day of March, A. D. 1884.

"TABITHA G. SPENCER.

"Signed, published, and declared by Tabitha G. Spencer as and for her codicil to her last will and testament, who have at her request, in her presence and in the presence of each other, hereunto set our names as witnesses. The words 'either bank stock, money or real estate, as they may agree upon,' were erased before signing.

"MARY F. KNOWLES,
"HERBERT B. WOOD."

The parties in interest under this will state that the executors nominated accepted and gave notice of their appointment May 21, 1884; that the personalty of the estate is sufficient to pay all debts and legacies; that no inventory nor appraisal of the estate

has been made other than that made and filed in the probate court immediately after the proof of the will; that Susan Claflin died June 1, 1885; that the legacies to Stephen A. Budlong, Susan Claflin, Lydia L. Palmer, Carrie E. Spencer, Gideon Spencer, and Abby M. Westcott are wholly unpaid, and that $600 of the legacy to Thomas J. Spencer is unpaid.

And the parties in interest concur in propounding the following questions:

1. Whether or not the clause in the codicil in which the executors "shall have five years in which to settle my estate" exempts said executors from suit for legacies during and throughout said period of five years?

2. Whether or not said last mentioned clause authorizes the executors to postpone the payment of legacies and the settlement of the estate till the end of said five years?

3. Whether or not the clause in the codicil, viz., " Should my estate diminish in value, then my legacies shall decrease in proportion," means that the estate at the expiration of five years shall be compared with the inventory filed by the executors at or about the time of the probate of said will?

4. Whether or not the pecuniary legacy of one thousand dollars to Stephen A. Budlong was due and payable on the 12th day of May, A. D. 1887, on which date said Stephen A. commenced suit for the recovery of the same; and if yea, whether or not any interest is to be allowed on the same, and, if interest is to be allowed, then from what time to what time?

5. Whether or not the pecuniary legacy of one thousand dollars to Susan Claflin was due and payable on the 14th day of May, A. D. 1887, on which date said Willard Claflin, executor of the last will and testament of said Susan Claflin, commenced suit for the recovery of the same; and if yea, whether or not with interest, and, if interest, from what time to what time?

6. Whether or not the pecuniary legacies to Lydia L. Palmer, Carrie E. Spencer, Gideon Spencer, and Abby M. Westcott were due and payable on the 18th day of May, A. D. 1887, on which date they commenced suit for the recovery of the same, and whether or not any interest is due and payable on said legacies at said date, and from what time said interest shall be computed?

7. Whether or not the balance of the $1,000 legacy to Thomas J. Spencer, amounting to $600, is now due and payable, and whether or not with interest?

*November* 30, 1887. DURFEE, C. J. We are of opinion that the executors of the will of the late Tabitha G. Spencer are exempt from suits for legacies for five years after their appointment. The testatrix by her codicil confirms their appointment, and declares it to be her will that " they shall have five years in which to settle my estate." The legatees, taking under the will, can only take according to its terms, and are therefore not entitled to enforce their legacies during the five years allowed for the settlement. It is urged that though the five years are allowed, it was not intended that they should be used without necessity. This may be so, but in our opinion the language in which they are allowed is such that the executors may use the entire period or not, according to their discretion. It is also urged that if the executors cannot be sued for five years, they cannot be sued at all at law, since after the five years the action at law given by statute will be barred by the three years limitation in favor of executors and administrators. But admitting this, the remedy in equity and the remedy on the bond still remain. It follows that the first question, and the second also, in so far as it applies to the legacies, must be answered in the affirmative. Of course the clause allowing five years for settlement cannot prejudice the rights of creditors, for they are entitled not simply under the will, but independently of it.

We are of opinion that the clause in the codicil, viz., " Should my estate diminish in value, then my legacies shall decrease in proportion," means that, if the estate diminishes in value between the making of the will and the payment of the legacies, the resulting loss shall not fall wholly upon the residuary legatees, but all the legacies shall decrease proportionately, and we answer the third question accordingly.

We are of opinion that the pecuniary legacy to Stephen A. Budlong was not due and payable on May 12, 1887. The will gives him a thousand dollars if he survives the probate of it, but the codicil modifies the bequest by declaring that if he dies before payment, then the sum given shall form a part of the residuary

estate. We think this provision of the codicil makes his right to the legacy contingent upon his surviving until payment, if the legacies are paid within five years; though after the five years his right will in our opinion become absolute, since any delay of payment after that time will be the fault of the executors and they cannot take advantage of it. We think he will not be entitled to interest so long as his right remains contingent. This answers the fourth question, and also virtually the fifth, for Susan Claflin having died within the five years and before payment, the amount of her legacy, in accordance with the opinion, falls into the residuum.

We are of opinion that the pecuniary legatees are entitled to interest on their legacies after a year from the death of the testatrix, when they are subject to no contingency and no time for payment is specified. This is the general rule, and should be followed in the absence of any clear indication of an intent that it should not be followed. We do not think the clause allowing the executors five years within which to settle the estate is such an indication. It is permissive, not mandatory. It declares that the executors shall *have*, not that they shall *take*, five years. It seems to us that the reasonable construction is that it was designed, not to benefit the residuary at the expense of the pecuniary legatees, but to enable the executors to take their time for the period allowed, in case the regular course of settlement would prove disadvantageous. And see *Varley* v. *Winn*, 2 Kay & J. 700; *Wood* v. *Penoyre*, 13 Ves. Jun. 325. Interest is not allowed after a year because the executor is necessarily obliged to pay at the end of the year, for the will may not have been proved then, or, if proved, it may not be possible to know whether the assets will suffice to pay both debts and legacies. *Pearson* v. *Pearson*, 1 Sch. & Lef. 10; *Martin* v. *Martin*, 6 Watts, 67. The ordinary practice is to wait until the claims against the estate have been settled, and a clear fund ascertained, before enforcing the payment of particular legacies. *Thomas* v. *Montgomery*, 1 Russ. & M. 729, 737. In *Kent* v. *Dunham*, 106 Mass. 586, 591, the court says that interest is allowed on the principle that it follows as an accretion to the principal legacy, and does not depend on demand or default.

The sixth and seventh questions are in effect answered by this

opinion taken in connection with the opinion given in answer to the first and second questions.                         *Decree accordingly.*

*Oscar Lapham, Stephen Essex & Albert R. Greene,* for petitioners.