## Nancy McCarty's Appeal.

Findings of fact by an auditor come up to the supreme court with the weight of the verdict of a jury,—especially where the findings have been approved by the court below. Clear error must be pointed out, to call upon the supreme court to go over the evidence to correct such findings.

(Argued May 9, 1888. Decided May 21, 1888.)

July Term, 1887, No. 193, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Appeal from a decree of the Common Pleas of Fayette County, overruling exceptions to the report of an auditor upon a petition to strike off judgments entered upon judgment notes, and confirming the report, December Term, 1886, Nos. 45–48. Affirmed.

The petitioner, against whom judgment had been entered by the executor of her deceased father upon four judgment notes, claimed that it had been the decedent's intention that she should never be forced to pay the notes. It appeared that her father made a will in 1880, whereby he bequeathed to the petitioner a certain number of acres in his home farm, bequeathing the remainder of the farm to his other children. About a year thereafter he sold the whole of that farm to the petitioner, taking from her the judgment notes in suit for the purchase money. The petitioner claimed that such bequest of a part of the farm to her, although made before she purchased the whole farm and gave the notes in suit, was equivalent to a gift of the notes themselves to her, and, coupled with evidence of acts and statements on the part of her father, subsequent to the making of the notes and tending to show an intention not to exact payment thereof from her, furnished reasons why the judgments should be stricken off.

The auditor reported adversely to the petitioner, who thereupon filed exceptions to the report, which were overruled by the court, and the petitioner appealed.

*Edward Campbell* for appellant.

NOTE.—For the conclusiveness of the findings of fact of an auditor, see note to Warner's Appeal, 1 Sad. Rep. 310.

*A. D. Boyd* for appellee.

PER CURIAM:

The assignments of error in this case are all to findings of fact by the auditor. The findings referred to come up to us with the weight of the verdict of a jury. This is especially so where, as here, the auditor's findings have been approved by the court. It ought to be an extreme case—one of clear error— where we are asked to go over the evidence to correct matters of fact found by an auditor and approved by the court below. No attempt is made in the paper book of appellant to point out any such clear error. In fact, almost the entire argument refers to the law of the case.

Decree affirmed and the appeal dismissed, at the costs of the appellant.