Charles F. Claiborne,
        Judge.

H. T. Cottam & Co,,
        Appellant

    vs                                              No. 7912

Abraham Moises

January 10th, 1921.

E. T. COTTAL & CO.,
    Appellants

vs                              No. 7912

ABRAHAM MOISES

      Appeal from Civil District Court, Hon. Fred D.
King, Judge.

              CHARLES F. CLAIBORNE, JUDGE.

      Plaintiffs sold defendant a lot of merchandise; defendant refused to accept delivery of them; plaintiffs sold them at a price less than the price for which they sold to defendant, and now sue defendant to recover the difference.

      Plaintiffs alleged that between May 3d and June 25th, 1919, they sold to the defendant certain merchandise and incurred certain charges detailed in the itemized statement annexed for which a charge of $1333.78 was made; that the merchandise sold was put on board a steamship at New Orleans consigned to the defendant at La Ceiba, Honduras; that without any legal cause the defendant refused to accept delivery of the merchandise when it arrived at Honduras; that the plaintiffs notified the defendant that unless he received said merchandise they would dispose of the same and hold him liable for any loss; that defendant still persisted in refusing to receive said merchandise; whereupon they were compelled to have it delivered to C.J. Warren & Co. at La Ceiba, at a loss of $275.60 as follows:

                Discounts and rebates        $202.11
                Loss on perishables           73.49
                      Total          $275.60

that in addition to said loss plaintiffs are entitled to $300 damages for breach of contract. Plaintiffs prayed for judgment for $575.60.

      The defendant answered admitting that he had ordered the merchandise, but denying any indebtedness, and for defense averred:

      1o  That no price had been agreed on;

      2o  Great delay in shipping the merchandise;

      3o  That the price put upon the merchandise was excessive;

4o    That all the merchandise ordered was not shipped, but only a part thereof;

5o    That the plaintiffs instructed him to turn over the merchandise to Warren & Co. in order that they might sell the same for the account of the plaintiffs' - which was done and the proceeds remitted to plaintiffs.

There was judgment for defendant, and plaintiffs have appealed.

We shall examine each ground of defense separately.

1o    It is immaterial that no price was agreed upon. When goods are ordered from a merchant without any stipulation as to price, he has a right to recover their market value. 12 A., 124 (125); 21 A., 411; 114 La., 823; Smith's Mercantile Law p 613.

The testimony on behalf of plaintiffs is that the prices charged were based on "market values at the time of the shipment".

II    It cannot be said that there was any delay in shipping the goods, inasmuch as the orders for the same did not specify any time for shipment, nor on what boat. But as a matter of fact, some delay was caused in acquiring knowledge of defendant's credit, and by the difficulty of obtaining some of the goods ordered, and the impossibility of procuring others. When no time is specified for delivery of goods, a reasonable time is understood. 6 A., 381; 19 A., 131; 30 A., 264; 7 Caldwell (Tenn) 401. The goods were ordered ~~at the end of May~~ on June 3 and shipped at the end of June. No reason is given why this time should be considered unreasonable.

III    The testimony of plaintiffs is that the prices were based upon market values. There is no testimony to the contrary.

IV    All the merchandise was not shipped for two reasons. The first one was that some could not be found upon the market, and the second, that the vessel refused to take that which was not shipped because it had no more space. The plaintiffs were not instructed to ship all or none, and the merchandise had no connection with or relation to each other.

V    The rule of law is that when a vendee refuses to accept delivery of the goods and pay the price, the vendor, after rea-

sonable notice to vendee, may sell the goods to best advantage,
at auction or at private sale, and hold the vendee for the dif-
ference in price. C. C., 2555 (2533), 2565 (2543); 8 M., 402 (418);
4 N. S., 473; 9 R., 495 (501); 1 A., 216; 2 A., 540; 6 A., 381;
30, 442; 8 A., 48 (50); 7 A., 243; 14 A., 352; 30 A., 254; 35 Cyc,
519 D 592; 17 L. R. A.(N. S.), 807; 2 Kent p 633 No. 495, p 677;
No.504; 1 Sedgwick Dam.p 593 § 231.

It is immaterial that the plaintiffs ordered the goods
sold for their account instead of for the account of the defen-
dant. In Bartley vs City, 30 A., 267 the Court said:

"As the City would not take the timber, he (plaintiff)
had a right to sell it for his own account, and claim
from the City as damages the losses sustained".

As the sale of the goods is only a method of determining
the amount of damages, it is immaterial for whose account the
sale is made. But it is more rational that it be made for ac-
count of the vendor as he remains the owner of the goods and the
price is to be paid to him. It would be a contradiction to say
that the goods are sold for account of the purchaser who has not
paid the price, and who therefore was not the owner of the goods,
and who was not to get the proceeds of the sale.

The loss in the sale of the goods is proved to be $275.60.

We know of no law or precedent for claiming any other
damages.

It is therefore ordered that the judgment of the District
Court be reversed and avoided; and it is now ordered that the
plaintiffs H. T. Cottam & Co., Inc.do have and recover judgment
against the defendant Abraham or Abram Moises for the sum of Two
Hundred and Seventy-five 60/100 Dollars with five per cent per
annum from September 24th, 1919 till paid, and all costs of suit.

Judgment reversed.
January 10th, 1921.