## Seymour *vs.* Butler.

### *In the matter of the Estate of* Charles Seymour, *deceased.*

A LEGACY to the widow in lieu of dower, carries interest from the testator's decease; and where there has been a delay in the probate of the will and the grant of letters, and the legatee needs an advance for maintenance, the Surrogate, under the authority conferred on him by the statute, will order payment of such proportion of the legacy as may be necessary, even within a year from the issuing of letters, provided there is one-third more assets than will be sufficient to pay the debts, and provided also a satisfactory bond of indemnity be given

Wm. C Freeman, *for Legatee.*
James Gridley, *for Executor.*

The Surrogate.—By the testator's will the widow was given a legacy of $3000 in lieu of dower, and being without other means of support, she now applies for an order to compel the executors to pay, notwithstanding less than four months have elapsed since probate was granted. A bequest in lieu of dower carries interest from the testator's decease. The testator died October 29, 1853, and the will was not proved until December 5, 1854; so that it would seem, under all the circumstances, to be a hardship for the widow to be compelled to wait a year from the grant of letters before receiving her legacy. The statute authorizes the Surrogate, before the expiration of a year from the granting of letters, to direct the payment of such portion of a legacy, or distributive share, as may be necessary for the support of the legatee or distributee, provided it appear that there is at least one-third more of assets in the hands of the executor or administrator, than will be sufficient to pay all debts, legacies, and claims then known. (2 *R. S., p.* 98, §§ 82, 83, 89, 90.) It is the duty of the Surrogate, however, to require a satisfactory

bond of indemnity before directing any payment, for the purpose of securing the executor or administrator against liability, in case unforeseen demands should come and exhaust the estate. The present case is a proper one for the exercise of the discretion reposed by the act in the Surrogate. The widow has no adequate means of support, and there are abundant assets to pay the debts of the testator so far as they are known, as well as to meet the bequests under the will. On an approved bond of indemnity being filed, therefore, I shall direct the executor to pay the applicant the interest that has accrued on her legacy, from the time of the testator's decease.