Pollock *v.* Learned.

═══

Susan L. Pollock *vs.* George Y. Learned & others.

A widow who had waived the provisions made for her in her husband's will, and become thereby entitled under the St. of 1861, *c.* 164, to a share of his estate, entered, with her trustees under § 2, and with the executors, into a written agreement, which they filed in the probate court, for the distribution to the trustees of part of the personal estate in the hands of the executors, as the one third part of said estate "at this time to be distributed and

paid over, by said executors, to said trustees, as principal, and as the income accrued on
said principal while in the hands of the executors," she however expressly not waiving
any right " to take absolutely, free of trustees, the one third part of the income of said
estate accrued since the death of the testator; " the judge of probate made a decree of
distribution, referring to and in conformity with this agreement; and the executors paid
over to the trustees the part of the personal estate so agreed and decreed to be paid to
them. *Held*, that the widow might enforce by bill in equity her right to take absolutely
the share of income so paid to the trustees.

Under the St. of 1861, *c.* 164, a widow, who, by waiving the provisions made for her in her
husband's will, becomes entitled to a share of his personal estate, is entitled to receive, as
income, the income of the excess of said share above ten thousand dollars, computed from
the time of the death of the husband, and not merely from the time of the settlement of
the estate.

BILL IN EQUITY filed by the widow of William Pollock against
trustees under the St. of 1861, *c.* 164, to obtain a decision of the
court upon her right to the income of the portion of the personal
estate of her deceased husband, exceeding $10,000, to which she
was entitled by that statute, which enacts, in § 1, that, on the
death of a testator, his widow may waive the provisions made
for her in the will, and become thereby entitled to such portion
of the estate as she would have been entitled to if he had died
intestate, provided that, if the share of the personal estate to
which she would thus become entitled should exceed $10,000,
she should " in such case be entitled to receive in her own right
the said sum of ten thousand dollars, and to receive the income
only of the excess of said share above said sum of ten thousand
dollars during her natural life," and which further enacts, in § 2,
that, on application of the widow or any one interested in the
estate, the judge of probate " may appoint one or more trustees
to receive, hold and manage, during the lifetime of the widow,
the portion of the personal estate of her deceased husband, ex-
ceeding ten thousand dollars, of which she is entitled to receive
[the income] under this act." The children of the testator and
the executors of his will were also joined as defendants.

The bill set forth that William Pollock died December 9, 1866,
leaving, besides his widow, five children (issue of their marriage)
and another child (issue of a former marriage); that his will
was proved and allowed in the probate court for Berkshire,
February 5, 1867, and the executors named therein assumed
their trust as such; that on February 27, 1867, the plaintiff filed

in the probate court a waiver of the provisions made for her in
the will, and trustees (who accepted and entered on the execu-
tion of their trust) were duly appointed to receive, hold and
manage during her lifetime, that portion of the personal estate
of the testator, exceeding $10,000, to which she was entitled
under the St. of 1861, *c.* 164; that the second account rendered
by the executors to the probate court (which was allowed June
1, 1869,) showed a balance in their hands, at that time, of
$1,212,370.25, of the personal estate of the testator ; that of
this sum a portion had accrued to them as income from stocks
and similar property left by the testator, and from investments
made by them since his death, of which portion $26,571.74 were
one third; that the executors, trustees and plaintiff, on the day
last named, entered into an agreement, and filed it in the probate
court, which set forth that, whereas a large part of the estate
of the testator consisted of securities which it was desirable to
distribute in kind, therefore it was agreed that the trustees should
take certain securities and moneys " as equivalent to and in
full satisfaction and discharge of the one third part of said
securities and moneys of the personal estate at this time to be
distributed and paid over, by said executors, to said trustees, as
principal, and as the income accrued on said principal while in
the hands of the executors," the plaintiff " not however waiving
any, but insisting upon all, her rights to take absolutely, free of
trustees, the one third part of the income of said estate accrued
since the death of the testator ; " that, on the same day, upon
the petition of the trustees and the plaintiff, the probate court
passed a decree for the distribution, in kind, to the trustees " of
certain portions of the said personal property held by said ex-
ecutors, as equivalent to and in full satisfaction and discharge
of the one third part of so much of the said personal property
as is at this time to be distributed, as recited in said written
arrangement of June 1, 1869, filed in the probate office and
hereto annexed ; "·and that the distribution was thereupon made,
in conformity with the decree, and, as a part of the distributive
share to which the plaintiff was entitled, the trustees received
the said sum of $26,571.74, as one third of the income derived

by the executors from the personal property since the testator's death.

The bill then alleged that this sum of $26,571.74 was the absolute property of the plaintiff, and that she made demand therefor on the trustees, but they refused to comply with the demand without the direction of the court, lest they might ultimately be held responsible therefor to the testator's children, after the plaintiff's death; and prayed for a decree to compel the payment of the sum to her by the trustees, and for general relief. The defendants filed a general demurrer, and the case was reserved by *Colt*, J., for the determination of the full court.

*H. L. Dawes*, for the executors and the children.

*T. P. Pingree*, for the trustees.

*B. R. Curtis*, for the plaintiff.

COLT, J. The bill alleges that the plaintiff, as widow, is entitled absolutely to a specified portion of that part of the estate which has been paid by the executors, under a decree of the probate court, to the trustees appointed under the St. of 1861, *c.* 164.

The trustees, under this statute, are entitled to receive and hold only that amount, in excess of ten thousand dollars, the income of which is to be paid to the widow during life. And it may be that the decree of the probate court would ordinarily be conclusive in fixing a sum the income of which is to be so paid. In this case, by an agreement entered into in writing, before the probate court, between the plaintiff, the executors of the estate, and the trustees, for the purpose of obtaining without delay a decree distributing the property in kind, it was arranged that the amount in controversy, stated to be one third of the income received by the executors, should be paid to the trustees, the plaintiff insisting upon all her rights to take the same absolutely and discharged of any trust under the statute. The decree is based upon and refers to this agreement; and, under the circumstances, we think the objection that the plaintiff's only remedy is by appeal from the decree of distribution is not well taken.

The whole of the plaintiff's share of the estate, under this agreement and distribution, is now in the hands of the trustees,

in trust, either to pay the income of the whole to the plaintiff for life, or, depending upon the decision of the question presented here, to surrender to her the part originally received by the executors as income. And in this respect the bill is not demurrable. All parties interested in the fund are joined as defendants; and the decree of this court is asked defining and enforcing the trust thus created.

The more important question is, as to the construction which should be given to the statute, as it respects the time from which the income of the estate held in trust for the widow should be computed. On the part of the defendants, it is claimed that she can only take that which accrues upon the principal sum after the estate is settled and the fund is transferred to trustees. The plaintiff, on the other hand, insists that she is entitled to the whole income from the death of the testator.

The statute, in its first clause, enacts that, "when a man dies," his widow, on waiving the provisions of the will, shall be entitled to such portion of the personal estate as she would have received if he had died intestate. This is followed by the proviso, that, if the share to which she would be entitled shall exceed ten thousand dollars, she shall receive that amount in her own right, and the income of the excess "during her natural life." If there were no proviso in the statute, or if her share should be less than ten thousand dollars, she would take one third of the personal estate as it was at the time of the death of her husband, subject to the payment of debts and charges of administration. The exact amount would indeed be ascertained only upon the final settlement; but delays in administering the estate, and making final distribution, would not, so far as this question of income is concerned, injuriously affect her, because in the end principal and income must alike be regarded as assets for a distribution in which she would take her one third.

The act of 1861 is a substitute for § 24 of the Gen. Sts. *c.* 92, and repeals it in express terms. By that section the widow took the entire estate in the share to which she would have been entitled if her husband had died intestate.

In the absence of express words to the contrary, it must be held that the true intent of the proviso is, to give to the widow. in the contingency named, a life estate only, instead of the absolute title as before, in a portion of the share which comes to her, without substantially diminishing by its operation the quantity of the share, made up of the ten thousand dollars and the life estate, to which she would have been entitled. To sustain the construction asked for by the defendants would be to add the accumulations of income, during the time occupied in settling the estate, to the trust fund, in prejudice of the widow, and to the benefit of the future taker ; to give her the income, not for her natural life, but for so much of it as remained after the settlement of the estate.

It is true that this view of the statute would give her the income upon the ten thousand dollars as well, and there is no good reason why it should not, except that the words of the act expressly confine the income she is to receive to that which is derived from the excess.

As affording further evidence of the intention of the statute, it is to be observed that there is no positive requirement for the appointment of trustees. By § 2, the widow, or any one interested, may apply, and the judge may appoint them ; but if none are appointed, the income will be payable directly from the executors, who may hold the interest for an indefinite period under a trust commencing not with the settlement of the estate, but with their appointment as executors.

It is just and reasonable that the income which the statute secures for the widow should commence when the widowhood commences, at the death of her husband. It is analagous to dower, and by way of provision for her support.

The rule we adopt follows the decisions of the courts in cases strongly analagous. By a familiar principle of interpretation. the state of the law as it existed at the time of the passage of an act may be taken into view in giving effect to its terms and disclosing the intention of the lawmakers. It has long been held in England, whatever may have been the doubts formerly existing, that, in the case of a bequest of a life estate in a

residuary fund, where no time is specified for the commencement of the interest, or the enjoyment of the use or income, the legatee for life is entitled to the income of the clear residue, as afterwards ascertained, to be computed from the time of the death of the testator.   *Angerstein* v. *Martin*, Turner & Russell, 234. The same rule was applied by this court in *Lovering* v. *Minot*, 9 Cush. 151, where it was held that, although it could not be immediately known, either what the residue would be, or what would be received as income therefrom, yet, when the funds were transferred from the executors to the trustees, it was the duty of the trustees to distribute so much as was received as income, to the tenants for life.   So in *Lamb* v. *Lamb*, 11 Pick. 371, the bequest of the " improvement" of the residue, to a widow during widowhood, was held to entitle her to the income from the death, and not from the time the estate was settled in the probate court; the words " after the settlement of my estate," which were used in the will, being construed not to fix the date of her title, but only to defer the time of its enjoyment.   See also *Pollard* v. *Pollard*, 1 Allen, 490.   The same rule was made part of the positive law of the state as early as 1848, and is reenacted by Gen. Sts. *c.* 97, § 23.   Such is also the law of New York.   *Williamson* v. *Williamson*, 6 Paige, 298.   *Cooke* v. *Meeker*, 36 N. Y. 15.

At the time when the statute of 1861 was passed, therefore, it had long been established that, in the settlement of estates under a will, title to the income of a share of the estate for life was title to all the income during all the life; and that, when such income has been received by the executors, and paid over to the trustees, for the tenant for life, there is no legal difficulty in separating the income from the principal, and paying it to the tenant for life.   It cannot be held that a statute relating to the same subject, and containing no express or inconsistent provisions, intended to adopt a different and unusual rule.

The case of *Sullings* v. *Richmond*, 13 Allen, 277, cited by the defendants, is not in conflict with the result here reached.   It arose under the St. of 1854, *c.* 428, which limited the widow's share in her husband's estate, in such cases, to an amount not

exceeding ten thousand dollars; and it was well held that her distributive portion must be limited to that amount, and that income received by the executors could not be added to it.

Upon the facts stated in the bill, therefore, the plaintiff would be entitled to a decree in her favor; and the entry must be

*Demurrer overruled.*