SAMUEL WELD & another, executors, in equity, *vs.* GEORGE PUTNAM & others.

Cumberland.    Opinion September 11, 1879.

*Will—construction of.    Residuary fund—life-estate in.*

On the bequest of a life-estate in a residuary fund where no time is named in the will for the commencement of the interest, or the enjoyment of the use or income of such residue, the life legatee interest is to be computed from the time of the death of the testator.

A testatrix devised and bequeathed the residue of all her estate, real and personal in trust to trustees named " for the sole use and benefit of her sister" S. H. S., directed certain precautions to be observed for the safety of the principal and ordered that "the interest and income accruing from the same

and all other profits that may accrue from this trust" should be collected by the trustees and paid over every six months to the sister during her natural life. By the same item the trustees were authorized, on request of the sister, to sell the real estate, invest the proceeds and pay the interest accruing therefrom to the sister during her natural life : *Held* that S. H S. took the interest and income of the residue of the estate from the death of the testatrix.

BILL IN EQUITY brought under the statute to obtain a construction of the last will of Sophia J. ·Snow, late of Brunswick, in this county.

So much of the will as is essential to the decision appears in the opinion.

*N. Webb,* for the complainants, cited *Williamson* v. *Williamson,* 6 Paige, c. 298. *Cook* v. *Meaher,* 42 Barb. 533, S. C. 36 N. Y. 76. Hillyards Estate, 5 Watts & Serg, 30. *Augersteen* v. *Martin,* Turner & Russ, 234. *Hewett* v. *Morris,* Turner & Russ, 241. *Gibson* v. *Bott,* 7 Ves. Jr., 89. *Pollard* v. *Learned,* 102 Mass. 54. *Pollard* v. *Ballard,* 1 Allen, 490. *Pinkerton* v. *Sargent,* 112 Mass. 110, 113. *Lovering* v. *Minot,* 9 Cush. 151. *Lamb* v. *Lamb,* 11 Pick. 371. *Sargent* v. *Sargent,* 103 Mass. 297.

*C. E. Clifford,* for the defendants, cited Will. on Exec. (6 Am. ed.) 1423-4-5, and cases there cited.

APPLETON, C. J. This is a bill in equity brought under the provisions of R. S., c. 77, § 5, by the executors and trustees under the will of Sophia Joanna Snow to determine the construction of the same.

By the first item of the will certain enumerated articles of personal property are given and bequeathed to her beloved sister Salome Harding Snow.

The second item, the construction of which is to be determined, is in these words:

" 2. I give and bequeath to Israel Whitney of Boston, Samuel Weld of Roxbury, and Graham Rogers of Boston, jointly in trust for the sole use and benefit of my beloved sister Salome Harding Snow, the residue of all my estate, both real and personal, of which I may die possessed—the same to be kept securely invested in

good stocks and mortgages, always first mortgages, and the interest and income accruing from the same and all other profits which may accrue from this trust to be collected by the said trustees and paid over to her, my said beloved sister, Salome Harding Snow, every six months during her natural life.   My trustees on the request of my said beloved sister, Salome Harding Snow, are hereby fully authorized and empowered to sell my real estate, held by them in trust under this my will and to execute valid deeds for the conveyance thereof, free and discharged of all trusts.  The money or sum accruing from said sale to be securely invested in good stock and mortgages, always first mortgages, and the interest accruing from said investment to be paid to her my beloved sister, Salome Harding Snow, during her natural life.   And I also fully authorize my trustees, after the decease of my beloved sister, Salome Harding Snow, to sell and convey said real estate for the purpose of facilitating a distribution of said trust property in the manner hereinafter mentioned.   After the decease of my beloved sister Salome Harding Snow, the following legacies to be paid in the order as they are numbered : No. 3 first, No. 4 second, and so on. Should there not be property enough to pay all these legacies, the first numbered are to be paid and the last numbered are to be left out," &c.

The question presented for our determination is this : Does Salome Harding Snow take the interest and income of the residue of said estate from the death of the testatrix ?

The intention of the testatrix is unmistakable.   The residue of all her estate, both real and personal, is devised in trust for the sole use and benefit of her beloved sister.   The interest and income accruing from stocks and mortgages, and all other profits which may accrue from the trust are to be collected and paid over to this beloved sister, every six months during her natural life.   In case of sales of real estate, the sum accruing therefrom is to be reinvested, and the interest accruing from such investment is to be paid to this sister during her natural life.

The will speaks from the death of the testatrix.   The income and interest on the estate as then existing, at once accrues—and from that date.   Nothing indicates an accumulation.   Nothing

indicates that there is to be any postponement of the right of the sister to accruing income or interest. On the contrary, every six months during her natural life the income and interest is to be paid. Upon the death of the testatrix, separation of principal and interest takes place. The will disposes of each. The income and interest is to be paid to the sister. The principal, from which income and interest arise, is subject to the general provisions of the will upon the death of the sister.

"The result of the English cases appears to be," observes Walworth, Ch., in *Williamson* v. *Williams*, 6 Paige, 298, "and I have not been able to find any in this establishing a different principle, that on the bequest of a life estate in a residuary fund, and when no time is provided in the will for the commencement of the interest or the enjoyment of the use or income of such residue, the legatee for life is entitled to the interest or income of the clear residue, as afterwards ascertained to be computed from the time of the death of the testator." In *Lovering* v. *Minot*, 9 Cush. 151, it was held that under a will by which all the residue and remainder of the testator's estate is given to trustees, in trust, to pay over and distribute the income to and among his five children, one-fifth to each, during their respective lives with remainder of over, that such children are entitled to their respective portions of the income of such residue from the death of the testator. In *Cook* v. *Maker*, 36 N. Y. 15, it was decided that when a sum is left in trust with direction that the interest and income be applied to the use of a person, that such person is entitled to interest from the death of the testator. "The weight of authority," observes Davies, C. J., "now is in favor of allowing the payment of annuities or incomes to commence at the testator's death." To the same effect are the decisions in *Pollock* v. *Learned*, 102 Mass. 54, and *Sargent* v. *Sargent*, 103 Mass. 297. Every clause in the will negatives the idea that there was to be an accumulation of interest. *Hewitt* v. *Morris*, 1 Turner and Russell, 241.

The result is that in accordance with the plain intent of the testatrix, Salome Harding Snow takes the interest and income of the residue of the estate from the death of the testatrix.

The bill is sustained, and a master is to be appointed to deter-

mine all the reasonable costs and charges accruing in this case on both sides, which are made a charge upon the estate in the hands of the trustees.

WALTON, VIRGIN, PETERS and SYMONDS, JJ., concurred.
LIBBEY, J., did not sit.