ZIBA C. KEITH, trustee, *vs.* CHARLES W. COPELAND & another, executors.

Plymouth. Oct. 22, 1884. — Jan. 8, 1885. C. ALLEN & COLBURN, JJ., absent.

A testator by his will gave to trustees a certain sum, "to be paid to them out of my estate by my executors in one year after the probate of my will, in trust to pay over the income thereof from time to time to my son F., as in their judgment they may think right and best, during his life," with a remainder over in fee. *Held*, that the trustees were not entitled to receive from the executors the income of the trust fund until the expiration of one year after the probate of the will; and that the Pub. Sts. c. 136, § 24, did not apply.

PETITION to the Probate Court, by the trustee under the will of Pardon Copeland, to obtain the instructions of the court as to the construction of the will. Hearing, on appeal, before *W. Allen*, J., who dismissed the petition; and, at the petitioner's request, reported the case for the consideration of the full court. The facts appear in the opinion.

*H. Kingman*, for the petitioner.

*C. W. Sumner*, for the respondents.

Morton, C. J. The second clause of the will of Pardon Copeland is as follows:

"I give, devise, and bequeath to the said trustees the sum of ten thousand dollars, to be paid to them out of my estate by my executors in one year after the probate of my will, in trust to invest and reinvest the same at their discretion, and to pay over the income thereof from time to time to my son Fisher Copeland, as in their judgment they may think right and best, during his life, and upon his decease to pay over said principal sum of ten thousand dollars to my two grandsons Harrie A. Copeland and Merton F. Copeland, share and share alike, to have and to hold to them and their heirs to their own use forever discharged from all trust."

The only question presented in this case is whether, under this clause, the trustees are entitled to receive from the executors the interest or income of this fund from the death of the testator.

It seems to us that the intention of the testator was, that this sum of $10,000 should be held by his executors, as a part of the general estate, for a year after the probate of the will, and that the life tenant was not to be entitled to the income of it during that year; and therefore that the case is not within the provisions of the Pub. Sts. c. 136, § 24.

As a general rule, if a residue or a specific fund is given for the benefit of a life tenant, he is entitled to the income from the death of the testator, because such is presumed to have been the intention of the testator. *Sargent* v. *Sargent*, 103 Mass. 297. *Pollock* v. *Learned*, 102 Mass. 49.

But this rule does not apply where the will shows that the testator had a different intention, as, for instance, where the will specifies a time for the commencement of the interest or the enjoyment of the income or use. In the case before us, the will provides that, at the end of a year from the probate of the will, the executors shall pay over to the trustees the sum of $10,000; it creates a trust fund to be established at that time, and then directs the trustees to pay over the income of such trust fund to his son Fisher Copeland during his life. It fixes that time for the commencement of the enjoyment of the income by the life tenant.

We are therefore of opinion that the decree of the Probate. Court, ordering the payment to the trustee of the income of the trust fund from the death of the testator, should be reversed, and the petition dismissed. *Decree accordingly.*