is very different from the test as to the other. Before the Code it was held not to be necessary to specify the names of the persons to whom sales were made People v. Adams, supra; Osgood v. People, 39 N. Y. 449. I think the crime was sufficiently designated. The information was on oath, and the grounds of the informant's knowledge were stated. It was in that respect sufficient to authorize the magistrate to proceed to the taking of the depositions, about which no point is made. It is very evident that under the Code of Criminal Procedure it is expected that the proceedings before a justice, in a case like the present, will be informal. The provisions as to demurrer (sections 321–331) are not made applicable. It is also provided that upon an appeal "the court must give judgment, without regard to technical errors or defects, which have not prejudiced the substantial rights of the defendant." Code Cr. Proc. § 764. In this view, no reversible error is, I think, apparent in the overruling of the defendant's objections to the information.

The defendant claims that error was committed by the magistrate in allowing the attorney for the people to read to a witness, for the purpose of refreshing his recollection, an affidavit which he had previously made. It is not clear that the reading was objected to. Assuming that it was, it was a matter within the discretion of the justice.

The defendant claims that the verdict is against the evidence. An examination of the evidence leads us to the conclusion that it is sufficient to sustain the verdict.

Judgment affirmed, and proceedings remitted to the county court to carry the judgment into effect. Code Cr. Proc. § 769. All concur, except HERRICK, J., dissenting.

---

(7 App. Div. 13)

### In re BARNES' ESTATE.

### In re DUNN.

(Supreme Court, Appellate Division, First Department. June 19, 1896.)

WILLS—INTEREST ON LEGACY IN LIEU OF DOWER.

 A legacy to testator's widow in lieu of dower does not bear interest from the death of testator, where no trust was created by the will, and the bequest was not directly stated to be for her maintenance and support, and the will showed no intention that the legacy should bear interest from testator's death. Patterson, J., dissenting.

Appeal from surrogate's court, New York county.

Judicial settlement of the accounts of Charles B. Dunn, as executor of the will of Joseph C. Barnes, deceased. From the decree of the surrogate settling the accounts, the residuary legatees appeal. Modified.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, PATTERSON, and INGRAHAM, JJ.

Henry B. Anderson, for appellant.
Robert L. Harrison, for respondent.
Carter & Ledyard, for executor.

INGRAHAM, J. The first question presented is whether or not the widow is entitled to interest on a legacy left to her by the will of the testator which she was to receive "in lieu of all other interest, dower, or distributive share of my estate." No trust was created by the will, but the widow was given a legacy of $150,000 absolutely, and the question is whether or not, in addition to this sum, she is entitled to the sum of upwards of $9,000, being the interest on this sum from the death of the testator until one year after the issue of letters testamentary. There seems to have been some confusion in the cases, arising from a failure to observe the distinction between a legacy given to a wife in lieu of dower where a trust is created, the income of which is to be paid to the wife for her life, and the case of an absolute bequest of personal property which is not directly stated to be for her maintenance and support, but which is given in lieu of dower. In the first class of cases it is clear that the income would commence from the death of the testator, and that all the income received from the trust fund after his death would be payable to his wife, unless a contrary intention appeared. And the question presented in the case of Williamson v. Williamson, 6 Paige, 298, would fall within this class. There the testator gave to his wife the use of the residue and remainder of his personal estate, during her life or widowhood, which bequest to his wife was declared to be in lieu of dower. And the chancellor there held, after a review of the English authorities, that the income received from the legacy for the use of the wife from the death of the testator was to be paid to the wife. The chancellor states the result of his examination of the case as follows:

"The result of the English cases appears to be, and I have not been able to find any in this country establishing a different principle, that in the bequest of a life estate in a residuary fund, and where no time is prescribed in the will for the commencement of the interest or the enjoyment of the use or income of such residue, the legatee for life is entitled to the interest or income of the clear residue, as afterwards ascertained, to be computed from the time of the death of the testator."

And in the case of Cooke v. Meeker, 36 N. Y. 22, the same rule is applied:

"That when a sum is left in trust, with a direction that the interest and income should be applied to the use of a person, such person is entitled to the interest thereof from the date of the testator's death."

This rule, however, has been extended in Massachusetts to a case where a legacy is given absolutely to a widow in lieu of dower. In Pollard v. Pollard, 1 Allen, 490, the testator bequeathed to the plaintiff, who was his widow, the sum of $3,800 in lieu of dower, or any distributive share in his estate, on the express condition

that she should release all her right and title thereto. The court held that:

"When she accepts a provision in her husband's will as a substitute for this existing legal right, the law regards her as standing in the light of a purchaser for a valuable consideration, and entitled to receive the whole of the sum given by the will, for which she has relinquished her life estate in one-third of the testator's real estate, in preference to other legatees, who, being only objects of the bounty of the testator, and not having any legal claim on his estate, are regarded as volunteers, and are not allowed to take until the widow has received the full amount of the bequest to her. * * * We think the plaintiff is entitled to interest on the sum given to her by the will from the death of the testator. The case falls within the principle of an exception to the general rule that interest is not to be paid on 'legacies until after the expiration of one year from the death of the testator."

The same principle is reaffirmed in the case of Pollock v. Learned, 102 Mass. 54, and Towle v. Swasey, 106 Mass. 100. The rule, however, is otherwise in Pennsylvania (see Martin v. Martin, 6 Watts, 67, and Gill's Appeal, 2 Pa. St. 222), and in New Jersey (see Dutch Church at Acquackanonk v. Executors of Ackerman, 1 N. J. Eq. 43). In England interest does not seem to have been allowed from the death of the testator, even where the legacy was left to the wife for life. See Lowndes v. Lowndes, 15 Ves. 301; Raven v. Waite, 1 Swanst. 553. The cases determined by Surrogate Bradford, which are cited and relied upon by the learned surrogate, do not support the position taken by the court below. The first case was Hepburn v. Hepburn, 2 Bradf. Sur. 74, but that was a case where an undivided half of the residuary estate of the testator was given to the executors in trust with a direction to pay one-half of the net income to the widow in lieu of dower, the surrogate placing his decision upon the ground that:

"Legacies, ordinarily, are not payable until the expiration of a year, and they carry interest only from the time they are payable. But the bequest of a life estate to a child, or to a widow in lieu of dower, are exceptions to the general rule; and in such cases the legatees take interest from the testator's decease."

The next case is Parkinson v. Parkinson, Id. 78. There was a legacy of a specific fund in the safe-keeping of a third person at lawful interest, and, in addition to that, a bequest of the annual interest as it should become due upon a sum of $2,000 loaned to the trustees of a church during the lifetime of the widow. In determining this question the learned surrogate says:

"Legacies generally carry interest only from the time they become payable; that is, at the end of a year, when no other period is fixed. There are exceptions to this rule, but they do not apply to the case of a wife unless the legacy is a gift of a life estate in the residue, or be given to her in lieu of dower. In the present instance the legacies are given with that object, and that circumstance entitled her to interest from the death of the testator, on the ground that the bequest is given as an equivalent for the relinquishment of a right, and the legatee has no other means of support from the bounty of the testator. It is analogous to a legacy in satisfaction of a debt, which always carries interest from the death of the testator. Besides, the first legacy being of one thousand dollars out of money in the safe-keeping of Mr. Robert Stewart, at lawful interest, and the last being the one hundred

and fifty dollars annual interest, as it shall become due on the two thousand dollars loaned, these are in the nature of specific gifts; and specific legacies are considered as separated from the general estate, and appropriated at the time of the testator's death, so that the accruing produce, dividends, or interest passes to the donee."

Seymour v. Butler, 3 Bradf. Sur. 193, is also cited. There the application was for the payment to the widow of a portion of a legacy of $3,000 given in lieu of dower, and the only question before the court was whether a portion of that legacy should be paid to her before the expiration of the year. The court held that the executors should make each distribution upon requiring a satisfactory bond of indemnity. In neither of these cases was the question squarely presented as to whether or not a legacy for a gross sum given absolutely to a widow in lieu of dower is an exception to the general rule that legacies are only payable one year after the death of the testator. A case where a testator gives to his wife the income of a fund to be held in trust, or a life estate in property, the income only in either case being received by the wife, is entirely distinct from a case where the gross sum is given to the wife in lieu of dower. In the one case the income is given evidently for the purposes of support, and, as the wife has no power to appropriate the principal during the year, she would have no support, and the clear intention of the testator would be frustrated. On the other hand, where a gross sum is given to a wife in lieu of dower, over which she has the absolute right to disposition, such gross sum takes the place of the dower interest, and the wife has the right to appropriate it at once for her support. Interest on the legacy was not necessary to provide her with a support for the year after the death of the testator. At common law a legacy was payable one year after the death of the testator, and interest commenced upon the legacy only from the expiration of that period. And it has been held by a late case in the court of appeals (Thorn v. Garner, 113 N. Y. 202, 21 N. E. 149) that:

"The statute prohibits the payment of legacies until a year after the granting of letters testamentary, and the general principle is that interest upon legacies is not payable until the principal becomes due. If interest be allowed before that time, without a specific direction in the will, it constitutes an exception to the rule, and is founded generally upon certain facts which the courts have agreed are equivalent to an express direction in the will to pay interest, because, from such facts, the courts will presume an intention on the part of the testator to have it paid."

In that case there was a bequest of a million dollars to the testator's son. He, although over 21 years of age, was in bad health, unable to support himself, and had always been supported by the testator prior to the testator's death. The court, after a review of all the authorities, held:

"We think there is not enough in this case to show that the intention of the testator (which, as all agree, is the controlling element) was that interest, from the time of his death, should be paid upon this legacy."

And we think upon the facts of this case we must come to the same conclusion. The testator left an estate of about $342,000.

Of that he bequeathed $150,000 to his widow, the respondent. Thus almost one-half of the testator's estate was given absolutely to the widow; and it does not appear that the testator left any real estate, so that his widow would part with nothing by the acceptance of this legacy, and the principle upon which the Massachusetts cases were founded does not apply. There is absolutely nothing in this will, or the circumstances surrounding the parties, to show that the testator intended that, in addition to the legacy of $150,000 which he gave to his wife, there should also be taken from his estate the further sum of $9,000 as interest upon that legacy. The statute prohibits the payment of a legacy until one year from the death of the testator, unless a contrary intention is plainly expressed in the will; and we find no evidence of such an intention in the will in question. We think, therefore, that the decree should be modified by directing the payment of interest on the legacy to Frances M. Barnes from February 23, 1896, the expiration of one year from the date of the issue of letters testamentary. We do not think that under the circumstances the amount allowed for a monument to the testator is excessive. The estate was quite a large one, and it is quite proper that a suitable monument should be erected. The wishes of this widow should be consulted, as well as the wishes of the children, and there is nothing before us to show that the amount reserved ($2,000) was at all excessive.

The decree should be modified as hereinbefore provided, and, as modified, affirmed, with costs.

RUMSEY and WILLIAMS, JJ., concur. PATTERSON, J., dissents.

VAN BRUNT, P. J. I concur in the opinion of Mr. Justice IN-GRAHAM. The testator, by his will, gave to his wife a legacy of $150,000. He knew that this legacy could not be paid until one year after the issuance of letters testamentary; and he is presumed to have had this fact in mind in fixing the amount. The court has no authority to make this legacy $159,000, in opposition to the express direction of the testator that it should be $150,000. Interest is a penalty imposed upon default in the payment of money which is due, and there is no instance to be found in which interest can be charged where there is no default.