### In re MARTENS.

(Supreme Court, Appellate Division, Second Department. June 16, 1905.)

WILLS—PROVISION IN LIEU OF DOWER—RIGHT TO INTEREST.

Where a will gave testator's widow certain realty, and a legacy from "the remainder of the estate," in lieu of dower, she was not entitled to interest on the legacy from the date of the husband's death.

[Ed. Note.—For cases in point, see vol. 49, Cent. Dig. Wills, § 1856.]

Appeal from Surrogate's Court, Kings County.

Application by Theresa E. Martens for the payment of a legacy under the will of Claus H. Martens, deceased. From an order granting the application, Claus Henry Martens, as executor, appeals. Modified.

Argued before BARTLETT, WOODWARD, RICH, and MILLER, JJ.

William J. Courtney, for appellant.
Robert H. Roy, for respondent.

RICH, J. Claus Herman Martens died testate, on April 29, 1904, the owner of real property of the value of $43,350, subject to a mort-

gage of $5,000, and personal property of the value of $23,926.35.  By the second subdivision of his will he devised to the respondent (his widow) unincumbered real property of the value of $5,500.  The third subdivision provides:

"I give and bequeath unto my said beloved wife Theresa Martens out of the remainder of my real and personal estate the sum of Fifteen thousand dollars."

The fourth subdivision is in the following language:

"I do hereby declare and intend that the provisions herein made by me for my said wife to be in lieu of dower and all right thereto and to be accepted by her as such."

These are the only provisions of the will referring to the respondent (other than one appointing her executrix and trustee), or to the property devised and bequeathed to her.  The will was admitted to probate by the surrogate of Kings county on June 6, 1904.  February 18, 1905, the respondent filed in the office of the surrogate of Kings county her written election to accept the provisions of the will in her favor in lieu of dower, and presented a petition to the Surrogate's Court showing, among other things, that her coexecutor (the appellant) was willing that the legacy of $15,000 be paid at once, without interest.  The respondent claimed that she was entitled to interest on the legacy from the date of the death of her husband, and the question as to whether she was correct in this contention was submitted to the surrogate for decision, who thereafter decided that she was entitled to interest from the date of the death of her husband, at the rate of 5 per cent. per annum, and directed the entry of an order accordingly.  From the order so entered this appeal is taken.

We do not regard this question as an open one in this state since the decision of Matter of Barnes, 7 App. Div. 13, 40 N. Y. Supp. 494, affirmed in 154 N. Y. 737, 49 N. E. 1093, in which the principle involved here was the question decided.  In that case the testator gave to his widow, absolutely, a legacy of $150,000 "in lieu of all other interest, dower or distributive share, of my estate."  Judge Ingraham, writing for the court, after considering a number of cases in this and other states, reached the conclusion that where a gross sum is given to a wife in lieu of dower, over which she has the absolute right of disposition, such gross sum takes the place of the dower interest, and such legacy does not become due and payable or draw interest until the expiration of one year from the date of the issue of letters testamentary, in the absence of a contrary intention of the testator, plainly expressed in the will, that the legacy should be paid before the time fixed by law for its payment.  Presiding Justice Van Brunt, in his concurring opinion, says:

"The testator, by his will, gave to his wife a legacy of $150,000.  He knew that this legacy could not be paid until one year after the issuance of letters testamentary, and he is presumed to have had this fact in mind in fixing the amount.  The court has no authority to make this legacy $159,000, in opposition to the express direction of the testator that it should be $150,000.  Interest is a penalty imposed because of a default in the payment of money which is due, and there is no instance to be found in which interest can be charged where there is no default."

In this case the respondent was given real property of the value of $5,500, and a legacy of $15,000, in lieu of dower, and there is nothing in the will to indicate any intention on the part of the testator that the legacy should be paid before the expiration of the year; on the contrary, the fact that the legacy is made payable from the "remainder of my real and personal estate," which was insufficient to pay it, in the first instance, without recourse to the sale of the securities of which it largely consisted, the realization of the required money from the conversion of which the testator must have known would require considerable time, warrants the presumption that the testator did not intend an earlier payment. In addition, the testator appointed the respondent his executrix, and her fees as such were largely in excess of the interest upon her legacy for the year its payment was deferred, and devised her a home to the possession and occupancy of which she was immediately entitled, and it may well be that he had these facts in mind in her appointment, and thus compensated her for the loss of such interest. Thorn v. Garner, 113 N. Y. 198, 205, 21 N. E. 149.

The learned surrogate, while admitting that his decision is in conflict with the conclusion reached by the Appellate Division in Matter of Barnes, supra, relies upon the decision in Stevens v. Melcher, 80 Hun, 514, 30 N. Y. Supp. 625, affirmed by the Court of Appeals in 152 N. Y. 551, 46 N. E. 965—his view being that the principle established by that decision, that a legacy to a wife in lieu of dower is not within the general rule that interest upon a pecuniary legacy does not begin to run until one year after the grant of letters testamentary, but draws interest from the death of the testator, was not reversed or changed by the later decision of both courts in Matter of Barnes; that the two cases must be regarded as presenting different questions, which he finds by assuming that in the Barnes Case there was nothing showing that the deceased left any real property. Hence, as he says, the element of purchase implied in a legacy in lieu of dower, asserted by the court in Stevens v. Melcher, supra, was wanting, while in the case at bar the real estate formed a major part of the estate owned by the testator at the time of his death. The purchase price of the widow's dower would have amounted to a large sum. Stevens v. Melcher was decided by the General Term of the First Department in October, 1894, and by the Court of Appeals on April 20, 1897. Matter of Barnes was decided by the Appellate Division of the First Department at its June term, 1896, and by the Court of Appeals on October 26, 1897. Mr. Justice Van Brunt was the presiding justice of the General Term when the former case was decided, and of the Appellate Division when the latter case was decided, in which he wrote a concurring opinion. There were a number of questions involved in the Stevens Case, and two only in the Barnes Case, viz., whether a legacy to a widow in lieu of dower drew interest from the death of the testator, in the absence of a plainly expressed intent in the will to that effect, and whether the sum of $2,000 appropriated by the executors to the erection of a monument was excessive. The question as to the time when interest began to run in the Stevens Case was not

specifically considered, or the views of the Court of Appeals ex-- ·
pressed on that question. It is manifest that the two cases were·
regarded by the appellate courts as not presenting the same facts,.
and that the decision in the former did not control the latter case;
but the difference and distinction stated by the surrogate and urged
by counsel is not supported by the facts, and we must look else-
where for the real·ground that removes the Barnes Case from the·
decision in the Stevens Case.

The word "dower" has a well-defined and generally understood
legal meaning. It is "that portion of lands or tenements which the
wife hath for the term of her life of the lands or tenements of her
husband, after his decease, for the sustenance of herself and the
nurture and education of her children." Cyclopedia of Law and
Procedure, vol. 14, p. 880. If the husband owns no land at the time·
of his decease, his death vests no right of dower in his widow, ex-
cept as to lands alienated by him, in the conveyance of which his
wife did not join. From the fact that the legacy given by the
testator in the Barnes Case to his widow expressly states that it is
"in lieu of all other interest, dower or distributive share, of my es-
tate," the presumption necessarily follows that the testator owned.
real property in which, in the absence of such legacy, she had and .
was entitled to dower. The will did not appear in the reported.
case in either court, but the records of the Court of Appeals contain
the will, and show that it was a will of both real and personal prop-
erty, and such fact is conceded in the briefs of counsel. Court of
Appeals Cases, vol. 1399, indexed under "Matter of Dunn," p. 2;.
appellant's brief, p. 5. When the Barnes Case reached the Court
of Appeals, the attention of the court was directed to the decision·
of ·the General Term in Stevens v. Melcher, then pending in that
court on appeal. Court of Appeals Cases, vol. 1399, October, 1897..
Later, after that court had affirmed the decision of the .General.
Term in the Stevens Case, counsel for the appellant moved for a
reargument in the Barnes Case, and filed a brief in which he called
the attention of the court to its affirmance of the Stevens Case as
the ground of his motion. Counsel for the respondent submitted
a brief in reply, in which he argued that the difference in the phrase-
ology of the will in the one case from that in the other distinguished
the decisions and afforded no ground for the reargument asked for;
that the decision in the Stevens Case in no manner affected or con-
trolled the decision in the Barnes Case. Court of Appeals Cases,
vol..1407, November and December, 1897. The motion for a rear-
gument was denied. 154 N. Y. 761, 49 N. E. 1093. From these
facts the difference and distinction between these cases is apparent
and plain. The language used by the testator in the Stevens Case,
"to be paid to her out of my estate as soon as practicable after my
decease," clearly evinces· an intention on the part of the testator to
make the legacy payable before the expiration of the year, removed
the case from the operation of section 2721 of the Code of Civil Pro-
cedure, and explains the statement of Presiding Justice Van Brunt
in the ·Barnes Case that "interest is a penalty imposed because of a
default in the payment of money which is due." The testator's.

estate being such that it was "practicable" to pay the legacy imme-diately on his decease, it then became due and payable, and interest from that time was properly allowed. These facts make clear the reasons which led the Court of Appeals to negative the conten-tion of appellant's counsel in the Barnes Case that its decision in the Stevens Case furnished reasons for a reargument and reversal.

In the case under consideration, as in the Barnes Case, there is nothing in the will, or in the circumstances surrounding the parties, to show that the testator intended that, in addition to the legacy of $15,000 which he gave respondent, there should be taken from his estate the sum represented by the interest claimed upon such legacy, and enough appears from the direction that it should be paid "from the remainder of my real and personal estate" to war-rant the presumption that such was not the intention of the tes-tator. The respondent was given a sum largely in excess of the value of her dower right, and more than one-third of the net estate of her husband, and the liberal provisions of the will in her favor furnish an additional reason for the belief that the intention of the testator would be violated by deducting from the shares of his three children in his estate interest upon her legacy from the time of his death.

The order appealed from should be modified by striking there-from the direction to pay interest to the respondent upon her leg-acy at 5 per cent. from April 29, 1904, and, as so modified, af-firmed, with costs to the appellant, payable from the estate. All concur.