In the Matter of the Settlement of the Estate of Henry Bostwick, Deceased. Judgment entered.

C. W. H. Arnold, for executor.
Allison Butts and John Hackett, for widow.

HOYSRADT, S. On the 13th day of March, 1899, Henry Bostwick and his intended wife, Emma F. Davis, entered into an antenup-

tial agreement, which provided, among other things, that within six months after the death of Mr. Bostwick his executors should pay $4,000, with interest from the date of his death, to her; and in consideration of this provision she agreed to release her dower and to make no claim of any nature against the estate of her husband. After the execution of this agreement the parties were married. Mr. Bostwick executed his last will September 17, 1904, and died October 3, 1904. The will contains this provision:

"First. Whereas I made an ante-nuptial agreement with my wife, Emma F. Bostwick, by which I agreed to give her and she agreed to accept the sum of four thousand (4,000) dollars in full satisfaction of any claim she might have against my estate and in lieu of dower, and whereas I have decided to increase the amount to be given her to ten thousand (10,000) dollars,

"Now, therefore, I direct my executor hereinafter named, to pay the said sum of four thousand dollars to my wife as provided in said agreement, and in addition thereto the further sum of six thousand (6,000) dollars, which sum aggregating ten thousand (10,000) dollars are to be accepted by my wife in full satisfaction and in lieu of dower in my real estate, as agreed upon between us in said ante-nuptial agreement."

The widow has claimed interest on $10,000 from the death of the testator on the theory that the will is a modification of the agreement, or should be construed with it, and, further, because the whole provision was made in discharge of her dower. Considering the latter point first, it would seem that the widow had, by the antenuptial agreement, obligated herself to accept $4,000 in lieu of her dower, and as the testator's real estate was valued at $14,092 it will be seen that its terms were very favorable to her. The payment to her of the further sum of $6,000 provided for by the will could not, therefore, form any of the consideration for the discharge of her dower, and she has no legal claim for interest on that contention from the death of her husband.

In addition, it is now well settled that an absolute legacy to a wife in lieu of dower does not draw interest until one year from the issuance of letters testamentary, and it is only where the interest of a trust fund is given in lieu of dower that it runs from the testator's death. Matter of Barnes, 7 App. Div. 13, 40 N. Y. Supp. 494, affirmed 154 N. Y. 737, 49 N. E. 1093.

I think a proper consideration of the other question requires that the antenuptial agreement should be regarded by itself as giving the widow more than she was entitled to by law, capable of enforcement in equity and irrevocable except by mutual covenant or release. The husband could not add or detract from its effectiveness in terms by any provision in his will. He chose to direct that his executors pay her the "further sum of $6,000."

In Washburn v. Weeks (Sup.) 17 N. Y. Supp. 708, a testator had obligated himself by a marriage settlement to give his wife by will $4,000 and the use of $4,000 more. He left her the use of $4,000 with power to use the principal. The General Term, Second Department, Justice Barnard writing the decision, held that payment of the obligation was not established, even if the wife said she was satisfied. Her rights were independent of the will. Nothing but payment or release, with full knowledge of the facts, would satisfy. In Peck v.

Vandemark, 99 N. Y. 29, 1 N. E. 41, the testator sought to evade his antenuptial agreement to leave one-half of his estate to his wife by a provision in his will, and the court held that the agreement was unaffected.

Construing the provision in Mr. Bostwick's will, the fair and reasonable deduction is that the testator, fully realizing that he had provided $4,000 for his wife "in full satisfaction of any claim she might have against my estate and in lieu of dower," directs the payment of this sum, and in addition thereto the further sum of $6,000. I regard the direction to pay the $4,000 as unnecessary, except for the information of the executors as to the existence of the agreement. The words, "which sums aggregating $10,000 are to be accepted by my wife in full satisfaction and in lieu of dower in my real estate as agreed upon between us in said ante-nuptial agreement," are surplusage and of no legal importance, as the testator had purchased his wife's dower for the original $4,000 more effectively than he could bind her by his will.

For these reasons, I have concluded that the provision in the will directing the payment of $6,000 is a general legacy which draws interest from one year after letters were issued, and was so intended by the testator.