ARTHUR H. WELLMAN, executor, *vs.* BOSTON SAFE DEPOSIT AND TRUST COMPANY, trustee, & others.

Suffolk. November 6, 1935. — September 9, 1936.

Present: CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Trust,* Payment of income. *Executor and Administrator.*

In a will which contained many legacies and directed the establishment of a trust fund whose income should be paid to a life beneficiary, provisions that authorized the "executor to delay the payment of any

legacy or of all legacies if he deems delay to be wise for a period not exceeding three . . . years after my decease," and that "No legacy shall . . . bear interest except from·or after . . . three . . . years after my decease," showed an· intention which constituted the exception to the general rule in G. L. (Ter. Ed.) c. 197, § 26; income from the trust fund was not required to be paid to the trustee from the date of the death of the testator, and the beneficiary of the trust was not entitled to income until the executor in his discretion within the three years paid the amount of the fund to the trustee.

PETITION IN EQUITY, filed in the Probate Court for the county of Suffolk on September 26, 1934.

The petition was heard by *Dolan,* J. From a decree entered by his order Boston Safe Deposit and Trust Company, trustee, appealed.

*A. H. Wellman,* stated the case.

*C. M. Rogerson,* (*R. W. Hardy* with him,) for Boston Safe Deposit and Trust Company, trustee.

*P. A. Atherton,* (*H. V. Atherton* with him,) for The Proprietors of Arlington Street Church.

DONAHUE, J. The petitioner, who is the executor of the will of Nellie P. Carter, brought a petition for instructions in the Probate Court. The only one of several prayers for instructions therein contained with which we are here concerned is the following: "Is income on the trust fund created in Article Fifth of said will to be paid from and after the decease of the testatrix?" By the fifth article of the will the testatrix gave and bequeathed to a named trustee $100,000 in trust to pay the net income to Stella Jones Webber during her life and upon her death to pay over the fund as she should by will appoint and in default of such appointment to her heirs.

The probate judge entered a decree which instructed the executor "that the legacy given in trust under the Fifth Article of said will is comprehended within the provisions of the Seventy-Fourth Article of said will and that no income or interest is presently payable on said legacy in trust, except such income as may be payable by the trustee under said Article Fifth on such portion of the legacy as has already been distributed to said trustee." The trustee has appealed from that decree.

It has long been the general rule in this Commonwealth that language in a will expressing a gift of income of a trust fund which the will creates indicates the intention of the testator that the beneficiary should receive the income of the fund from the date of the testator's death. *Minot* v. *Amory*, 2 Cush. 377, 382, 383. *Lovering* v. *Minot*, 9 Cush. 151, 157. *Old Colony Trust Co.* v. *Smith*, 266 Mass. 500, 502. This rule is, however, not applicable when the will manifests a different intention. *Keith* v. *Copeland*, 138 Mass. 303. See also *Pollock* v. *Learned*, 102 Mass. 49, 55; *McDonough* v. *Montague*, 259 Mass. 612, 614; *Old Colony Trust Co.* v. *Smith*, 266 Mass. 500, 502; *Casey* v. *Genter*, 276 Mass. 165, 173. The rule is in harmony with G. L. (Ter. Ed.) c. 197, § 26 (*Sargent* v. *Sargent*, 103 Mass. 297, 299; *Ayer* v. *Ayer*, 128 Mass. 575, 577), which provides that: "If an annuity, or the use, rent, income or interest of property . . . is given by will . . . to or in trust for the benefit of a person for life . . . such person shall be entitled to receive and enjoy the same from and after the decease of the testator, unless it is otherwise provided in such will . . . ."

The question here presented is whether the will adequately expresses the intention of the testatrix that the beneficiary under the fifth article should not be entitled to the income of the trust fund there referred to from the time of the death of the testatrix.

The seventy-fourth article of the will authorizes the "executor to delay the payment of any legacy or of all legacies if he deems delay to be wise for a period not exceeding three (3) years after my decease" and further provides that "No legacy shall draw or bear interest except from or after the expiration of three (3) years after my decease." Unless it is otherwise provided in a will legacies are payable in one year from the death of the testator, *Fitch* v. *Randall*, 163 Mass. 381, *Lyford* v. *McFetridge*, 228 Mass. 285, 289, and interest is payable on pecuniary legacies from the time when, by the terms of the will or by the rules of law, they should have been paid, as an accretion to the legacy and not as a penalty for delay or neglect of the executor in

making payment. *Kent* v. *Dunham,* 106 Mass. 586, 590. *Loring* v. *Thompson,* 184 Mass. 103, 105.

The testatrix manifestly believed that it was wise to leave to her executor the selection of the time, within the stated three-year period, when the recipients of her bounty should come into its enjoyment, and that the proper administration of her estate, which was large, might require more delay in the payment of the pecuniary legacies than the general rule permitted. Whatever the grounds of her belief she had the right to give it effect in disposing of her own property by will.

There are sixty-two articles in the will, including the fifth with which we are here particularly concerned, giving pecuniary legacies. The same words of donation, "I give and bequeath" (which are appropriate for the creation of a legacy, *Loring* v. *Gardner,* 221 Mass. 571, 573,) appear in all those articles. The testatrix expressed in the seventy-fourth article a general intention as to the time when legacies were to be paid, namely, at such times within the three-year period as the executor should deem it wise to pay them. In broad terms it refers to "the payment of any legacy" and "of all legacies." Such language gives no indication that the testatrix contemplated any difference, as to the matter of the time when the payment of a legacy should be made, between the legacy of a principal sum in trust given by the fifth article and the other pecuniary legacies. We think the intent is manifest that the general rule as to the time when a legacy is payable should not be applied to any of the legacies given by the will.

When the testatrix in effect provided in the seventy-fourth article of the will that the executor should not be obligated to pay any legacy or interest thereon during the three-year period following her decease she made the advantage to the estate as a whole, as determined by the executor, dominant in the administration of the estate during that period. The matter of the time when enjoyment of the legacies should begin was subordinate to that main purpose. We think that the seventy-fourth article of the will manifests the

intention that until the legacy of the principal of the trust fund referred to in the fifth article should be paid over by the executor to the designated trustee its amount should remain an unsegregated part of the general funds of the estate; that the time when, in his wisdom, the executor should pay the legacy to the trustee was the time when the trust should be established and the time when the enjoyment of the income by the beneficiary would begin; and that income on the trust fund should not be paid to the trustee from the time of the death of the testatrix.

As to the general rule that where a fund is bequeathed in trust with the income payable to a life tenant he is entitled to the income from the time of death of the testator, it is said in *Keith* v. *Copeland,* 138 Mass. 303, 304, "this rule does not apply where the will shows that the testator had a different intention, as, for instance, where the will specifies a time for the commencement of the interest or the enjoyment of the income or use. In the case before us, the will provides that, at the end of a year from the probate of the will, the executors shall pay over to the trustees the sum of $10,000; it creates a trust fund to be established at that time, and then directs the trustees to pay over the income of such fund to his son . . . during his life. It fixes that time for the commencement of the enjoyment of the income by the life tenant."

*Decree affirmed.*

*Costs as between solicitor and client to be in the discretion of the Probate Court.*