S. Samuel Di Falco, S.
In this accounting proceeding several questions of construction have arisen two of which, those contained in subparagraphs (b) and (d) of paragraph 13 of the petition, are withdrawn. The balance will be determined at the present time.
The first question is whether testator’s widow is entitled to interest on her legacy of one half of the adjusted gross estate and if so for what period. The only provision of the will regard *563 ing interest on legacies and the time for payment appears in paragraph fifth, with authorizes the executors to withhold the payment of any of said legacies in that paragraph for a period not exceeding two years after the date of death without the payment of interest.
While this provision does not control interest on the widow’s legacy in paragraph second' it does indicate that the testator desired the normal rules concerning the time for payment of the legacy and the allowance of interest to control. Section’ 218 of the Surrogate’s Court Act, provides that legacies should not be paid until seven months after the issuance of letters testamentary and that in a proceeding to compel payment of a legacy, interest is to be paid at the rate of 3% from seven months after the issuance of letters. The executors are, therefore, directed to pay 3% interest on the widow’s legacy from November 3,1953 (Matter of Martens, 106 App. Div. 50; Matter of Barnes, 7 App. Div. 13).
The second question involves the executor’s election pursuant to the Internal Revenue Code to claim as deductions from estate income certain administration expenses which normally would have been available as estate tax deductions. The election resulted in a tax saving of over $25,000. However, since the deduction was lost for Federal estate tax purposes, the estate tax was increased by over $7,000. In the absence of an adjustment the election would result in a benefit to the income beneficiaries to the detriment of those interested in principal. In Matter of Warms (140 N. Y. S. 2d 169) this court directed an adjustment to be made between the principal and income account where a similar election was made. In accord with that decision and general principles of equity, the executors are directed to credit the principal account with the estate tax saving which the principal would have enjoyed had the administration expenses been deducted from estate corpus rather than estate income.
The next question, while indirectly connected to the Warms case (supra), presents a more novel question. The testator bequeathed to his widow: “ so much of my estate as when added to the value of all other property which passes or has passed to my said wife at my death whether under this will or otherwise and for which a marital deduction is or will be allowed! in the computation of my net estate, shall aggregate a sum! equivalent to one-half of my adjusted gross estate.”
The use of administration expenses as deductions for estate’ income tax purposes rather than Federal estate tax purposes resulted in an increase in the adjusted gross estate by the amount *564 of such administration expenses and an increase of the widow’s bequests by one half that amount. Under rules of fiduciary accounting, these expenses are charged to the principal of the estate despite the fact that the executors elected to claim them as income tax deductions (Matter of Chave, 227 App. Div. 554). Thus the election has caused a different result for tax purposes than for accounting purposes. The election permitted by the Internal Revenue Code does not authorize the executors to vary the interest of the legatees. Estate tax deductions in this estate should not be credited to the widow’s bequest since it is freed of tax. The executors are directed to credit the benefit of all deductions which would have been available to the estate principal to the residuary estate.
The claim of the executor against the deceased’s estate shall be determined pursuant to section 212 of the Surrogate’s Court Act at a hearing on a date to be fixed by the court.
Proceed accordingly.