S. Samuel Di Falco, S.
In this proceeding for the settlement of the account of the executors and for construction of the will, the instructions of the court are requested in connection with the computation of the value of the marital deduction bequest to the widow expressed in paragraph Second of the will in the following terms: “a fund either in cash or securities, or both, as shall * * * be equal in value to one-half (%) * * * of the value of my entire gross estate for Federal estate tax purposes remaining after deducting therefrom all funeral expenses, any allowances granted for support, debts (secured and unsecured), claims and costs of administration ”. The residuary estate the testator left in trust for the benefit of his son as to one half and his grandson as to the balance.
Exercising permissible options available to them under the Internal Revenue Code of 1939 (U. S. Code, tit. 26, § 811, subd. [j]), the executors returned securities at values fixed with reference to a date one year following the date of death of the testator, and took as a credit against estate income taxes, rather than against the estate tax itself, expenses incurred in the administration of the estate. The exercise of the first of these options reduced the value of the adjusted gross estate, while the second resulted in its enhancement. The special guardian for infants interested in the residuary trusts has objected to this treatment of the income tax credit contending that the widow’s legacy should be reduced by applying the credit to the estate tax instead of employing it in the manner described. He cites in support of his conclusion this court’s decision in Matter of Levy (9 Misc 2d 561), but it is to be noted that the will in that case lacked the specific direction which is to be found in the present instrument relating to the marital deduction gift and stating “ all values hereinabove provided for shall be as finally determined for the purposes of federal estate taxes upon my estate.” Since the exercise of the option resulted in a change in the figure finally *15 arrived at as constituting the adjusted gross estate, the executors ’ treatment of the legacy, which they contend should exactly equal that amount, was entirely proper and the objections of the special guardian are overruled. (Matter of Inman, 22 Misc 2d 573.)
The special guardian addresses the second objection to the allowance of interest on the legacy to the widow. The court holds that the bequest as defined by the testator was a general legacy despite the fact that the exact amount the widow was entitled to receive could not be fixed until the determination of the amount of Federal estate taxes was concluded. As such a legacy, the legatee is entitled to interest on a' date commencing seven months after the issuance of letters testamentary at 3% per annum with adjustments corresponding to the reduction in amount by the periodic partial payments reflected in the account.
The court sustains the position of the special guardian in respect of the restoration to the residuary estate of the benefit obtained by the election to take the administration expense credit against income taxes. (Matter of Warms, 140 N. Y. S. 2d 169; Matter of Inman, N. Y. L. J., Dec. 6,1956, p. 6, col. 5.)