William J. Began, S.
This is a petition by the Marine Midland Trust Company of Western New York, the executor of this estate, for the judicial settlement of its accounts as executor, together with a construction of the will especially with reference to the determination of the amount of the trust provided for in article Third. Under the appropriate section of the United States Code the petitioner has elected to claim administration expenses of this estate as an estate income tax deduction rather than as an estate tax deduction. Consequently, on the estate tax return there was no deduction of administration expenses and the adjusted gross estate for Federal estate tax purposes was increased by an amount equivalent to the administration expenses not therein deducted, in an amount of $61,153.
The Internal Bevenue Service, upon its audit, took the position that the amount distributable to the article Third trust must be reduced by one half of those administration expenses, even though such expenses were taken as deductions for income tax purposes not estate tax purposes. It bases such position on the definition of “adjusted gross estate ” as set out in the will as “gross taxable estate less funeral and administration expenses and claims and debts.” In other words, the Internal Bevenue Service’s position is that the value of the trust is based *1051 on the testator’s adjusted gross estate as it would have appeared in the estate tax return had the executor claimed such deduction in that proceeding.
On the other hand, petitioner claims that the value of the trust should be based on testator’s adjusted gross estate as actually determined on the Federal estate tax return where no credit was taken for administration expenses. Article Third of the will establishes a marital deduction trust for the testator’s widow, Alice T. Modisette, and defines the corpus of the trust as follows: “ an amount equal in value to (a) one-half the value of my adjusted gross estate (gross taxable estate less funeral and administration expenses and claims and debts, but before any exemption and before deduction of estate or other death taxes) as finally determined for federal estate tax purposes, less (b) the value, as so determined, of all other property passing or which has passed to my said wife and which is allowable as a marital deduction for federal estate tax purposes in my estate, regardless of whether such other property passes to my said wife under other provisions of this Last Will and Testament or whether it passes or has passed to her apart therefrom, and also less (c) one-half the value, if any, as determined for federal estate tax purposes, of any property held at my death under the aforesaid trust agreement dated April 1, 1953 between myself as Grantor and The Marine Trust Company of Western New York as Trustee and which shall be included in my taxable estate ”.
There is no question but that the executor has the absolute right to make an election and here it did for the specific purpose of saving taxes.
In any construction proceeding the courts should first ascertain as far as possible the testator’s intentions. In the instant will testator went to great lengths by his general testamentary scheme to make substantial provisions for his widow and at the same time achieve a tax saving for his estate. Estate taxes were to be paid out of the residuary so as to prevent diminution of the widow’s marital deduction trust under article Third. The trustee was given absolute discretion to invade the principal of both trusts for the widow’s benefit. The executor’s election to claim administration expenses as an income tax deduction was consistent with testator’s objectives. In addition to increasing the adjusted gross estate to thus increase the value of the widow’s marital deduction trust the election also achieved a tax saving for the estate.
The Third Report of the Temporary State Commission on the Modification, Revision and Simplification of the Law of *1052 Estates, 1964, stated: ‘ ‘ By statutory definition, the ‘ adjusted gross estate ’ is the entire value of his gross estate ‘ less the aggregate amount of the deductions allowed for expenses, indebtedness, taxes and losses.’ Accordingly, if expenses are not claimed as deductions on the estate tax return, then the ‘ adjusted gross estate ’ is correspondingly increased and the maximum marital deduction necessarily grows by 50% of that amount. This growth is at the expense of those entitled to the residue of the estate.” (N. Y. Legis. Doc., 1964, No. 19, p. 327.)
Effective June 1, 1965 subdivision 2 of section 17-e of the New York State Personal Property Law was enacted and, by the Estates Power and Trust Law, effective September 1, 1967 there has been verbatim incorporation of that statute, as follows: “ 2. Unless otherwise expressly provided by a will under which a bequest or devise is made to or for the benefit of the surviving spouse of a decedent which qualifies for an estate tax marital deduction under any tax law of the state of New York or of the United States and the amount or size of such bequest or devise is defined by the will in terms of the maximum marital deduction allowable under such tax laws, no adjustment shall be required to be made between such bequest or devise and the other interests in the decedent’s estate by reason of (a) any increase in the amount or size of such bequest or devise resulting from any election by the fiduciary, under such tax laws, to treat estate administration expenses as income tax deductions over the amount or size of such bequest or devise had the contrary election been made
Since the testator died on October 18, 1963 the above statute is not controlling but surely indicates a codification of existing law. The leading cases whose authority this court will follow are, Matter of Inman (22 Misc 2d 573), Matter of McTarnahan (27 Misc 2d 13) and Matter of Kennedy (39 Misc 2d 688).
There is no requirement in the Federal tax law that administration expenses must be claimed as an estate tax deduction. As a matter of fact, the option lies with the executor to elect and in the instant case the executor did elect to claim such expenses as income tax deductions and it is this court’s opinion that the adjusted gross estate, without the administration expense deducted, should be the basis for the article Third trust.